[No. S002765. Jan. 30, 1989.]

THE PEOPLE, Plaintiff and Respondent, v.
MAGDALENO TORO, Defendant and Appellant.

**COUNSEL**

James G. Dunn, under appointment by the Supreme Court, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Steve White, Chief Assistant Attorney General, Robert M. Foster, M. Howard Wayne and Jeffrey J. Koch, Deputy Attorneys General, for Plaintiff and Respondent.

**OPINION**

**KAUFMAN, J.**—At issue is whether the due process right of an accused to be notified of criminal charges renders invalid a conviction for a lesser related offense when no objection was raised at trial to the jury's consideration of the offense. Because submission of lesser related offenses to the jury

enhances the reliability of the fact-finding process to the benefit of both the defendant and the People, and because lack of notice is an issue which generally may not be raised for the first time on appeal, we have concluded that when a lesser related offense is submitted to the jury without objection, the defendant must be regarded as having impliedly consented to the jury's consideration of the offense, and that absent other reversible error the judgment of conviction should be affirmed.

## FACTS AND PROCEEDINGS

The circumstances of the offense are essentially undisputed. Defendant stabbed his half-brother, Howard Johnston, in the back, side, and chest, the latter wound penetrating the victim's lung. The stabbing took place at the apartment of Becky Orozco, Johnston's girlfriend. Defendant entered the apartment at approximately midnight and approached Alice Duenaz, a woman he had recently begun dating, while Duenaz was seated at a table in the kitchen. Defendant angrily told Duenaz to leave the apartment. When Duenaz refused, defendant became more angry and began pushing the table. Johnston intervened and attempted to restrain defendant by holding defendant's wrists. Defendant punched Johnston in the face and wrestled him to the floor. Johnston was on his back, with defendant straddling him, when defendant began to stab Johnston, using a knife with a five- to six-inch blade that defendant had apparently carried with him.

Duenaz ran out of the apartment to telephone the police. Defendant followed but returned within a minute and began kicking Johnston, who was still lying on the floor. Defendant then departed and was arrested the following day.

Defendant was charged by information with attempted murder (Pen. Code, §§ 187, 664)[1] and assault with a deadly weapon (§ 245, subd. (a)(1)). As to each count, it was alleged that defendant intentionally inflicted great bodily injury (§ 12022.7) and that defendant had served a prior prison term (§ 667.5, subd. (b)). As to the attempted murder count, it was also alleged that defendant had used a deadly weapon (§ 12022, subd. (b)).

On defendant's motion, the prior-prison-term allegation was bifurcated for a court trial to follow the jury trial of the substantive offenses. At the main trial defendant presented no evidence in his own defense and in argument to the jury his counsel conceded that defendant had stabbed Johnston and had inflicted great bodily injury upon him, but counsel argued that defendant had not acted with intent to kill or with intent to inflict great

---

[1] All further statutory references are to the Penal Code unless otherwise indicated.

bodily injury. Thus counsel's argument impliedly conceded defendant's guilt of at least assault with a deadly weapon.

In addition to the charged offenses, the jury was instructed on, and received verdict forms for, the offenses of attempted voluntary manslaughter (§§ 192, 664), battery with serious bodily injury (§ 243, subd. (d)), simple battery (§ 242) and simple assault (§ 240), all of which were described in the instructions and verdict forms as lesser included offenses.[2] The jury found defendant guilty of battery with serious bodily injury as a lesser offense to the attempted murder charge and not guilty of the alternative charge of assault with a deadly weapon.[3] The deadly-weapon-use allegation was found to be true. In the ensuing court trial, the court found true the prior-prison-term allegation. Defendant's application for probation was denied and he was sentenced to state prison for a term of six years. Defendant appealed from the judgment.

The Court of Appeal reversed the judgment and directed the trial court to dismiss the information. The court concluded that battery with serious bodily injury is not a lesser included offense of attempted murder and that the trial court therefore erred in instructing on it in the absence of a request by defendant. The error was held to require reversal of the conviction because a defendant may not, without his consent, be convicted of a crime which was neither charged nor necessarily included within any of the charged offenses. Because defendant was expressly acquitted of assault with a deadly weapon (see fn. 3, *ante*) and, under our prior decisions, impliedly acquitted of attempted murder (see *People* v. *Geiger* (1984) 35 Cal.3d 510, 528 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055] ["The conviction of a related offense constitutes an acquittal of the charged offense"]; *People* v. *Lohbauer* (1981) 29 Cal.3d 364, 372 [173 Cal.Rptr. 453, 627 P.2d 183] ["when a trier of fact convicts a defendant of what it mistakenly views as a necessarily included offense . . . its judgment still constitutes an implied acquittal of the greater offense charged"]), he could not be retried for either of the charged offenses.

---

[2] None of the instructions in the clerk's transcript are marked as having been requested and none are signed by the trial court. This indicates an apparent failure by the court to comply with section 1127, which provides: "Upon each charge presented and given or refused, the court must endorse and sign its decision and a statement showing which party requested it." (See also, § 1176.) The People have impliedly conceded that in this case we must assume, there being no evidence to the contrary, that all of the instructions, including those on the offense of battery with serious bodily injury, were given sua sponte.

[3] As the Court of Appeal noted, the jury was erroneously instructed that the two counts were alternative and that defendant therefore could be convicted under one or the other but not both. In fact, defendant could have been convicted under both counts (*People* v. *Rocha* (1978) 80 Cal.App.3d 972, 975 [146 Cal.Rptr. 81]) although punishment for more than one offense would be barred by section 654.

Stating it was "satisfied that as a practical matter" the specific offenses charged in the information, together with the great-bodily-injury-enhancement allegation, had provided defendant with adequate notice of the charge of which he was convicted, the Court of Appeal expressed its "discomfort with this incongruous result" and urged this court to reconsider and modify our holdings in *People* v. *Wolcott* (1983) 34 Cal.3d 92 [192 Cal.Rptr. 748, 665 P.2d 520] and *People* v. *Wickersham* (1982) 32 Cal.3d 307 [185 Cal.Rptr. 436, 650 P.2d 311] so that "enhancement allegations may be considered for the purpose of defining a lesser included offense" but not for the purpose of defining a trial court's obligation to instruct sua sponte on lesser included offenses. We granted the People's petition for review.

## DISCUSSION

As defendant observes, and as the People concede, battery with serious bodily injury is not a lesser included offense of attempted murder.

An offense is necessarily included within a charged offense "if under the statutory definition of the charged offense it cannot be committed without committing the lesser offense, or if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed." (*People* v. *Geiger, supra,* 35 Cal.3d 510, 517, fn. 4.) Here the information charging defendant with attempted murder stated that defendant "did willfully, unlawfully, and with malice aforethought attempt to murder Howard Andres Johnston, a human being." Neither the statutory definition of attempted murder nor the charging language of the information required an actual use of force or violence or the infliction of any injury upon the victim's person. Battery, on the other hand, is defined as a "willful and unlawful use of force or violence upon the person of another" (§ 242) and the offense of battery with serious bodily injury requires both the commission of a battery and, obviously, the infliction of serious bodily injury. Because attempted murder, as statutorily defined and as pleaded in the information, may be committed without committing battery with serious bodily injury, the latter is not a necessarily included offense of the former.

Although the count of the information charging defendant with attempted murder contained an enhancement allegation charging that defendant "with the intent to inflict such injury, inflicted great bodily injury upon" the victim within the meaning of section 12022.7, we have held, as the Court of Appeal correctly noted, that enhancement allegations are not to be considered in determining lesser included offenses. (*People* v. *Wolcott, supra,* 34 Cal.3d 92, 101.)

■  A conviction for a nonincluded offense implicates a defendant's due process right to notice. "No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal." (*Cole* v. *Arkansas* (1948) 333 U.S. 196, 201 [92 L.Ed. 644, 647, 68 S.Ct. 514]; see *People* v. *Thomas* (1987) 43 Cal.3d 818, 823 [239 Cal.Rptr. 307, 740 P.2d 419].) "A criminal defendant must be given fair notice of the charges against him in order that he may have a reasonable opportunity properly to prepare a defense and avoid unfair surprise at trial." (*People* v. *Anderson* (1975) 15 Cal.3d 806, 809 [126 Cal.Rptr. 235, 543 P.2d 603].)

An accusatory pleading provides notice of the specific offense charged and also of offenses included within the charged offense (*People* v. *Lohbauer, supra,* 29 Cal.3d 364, 368-369; *In re Arthur N.* (1976) 16 Cal.3d 226, 233 [127 Cal.Rptr. 641, 545 P.2d 1345]), but it does not provide notice of nonincluded offenses; consequently, "[a] person cannot be convicted of an offense (other than a necessarily included offense) not charged against him by indictment or information, whether or not there was evidence at his trial to show that he had committed that offense" (*In re Hess* (1955) 45 Cal.2d 171, 174-175 [288 P.2d 5]).

■  However, an exception to this rule has long been recognized in cases where a defendant expressly or impliedly consents to have the trier of fact consider a nonincluded offense: "Since a defendant who requests or acquiesces in conviction of a lesser offense cannot legitimately claim lack of notice, the court has jurisdiction to convict him of that offense." (*People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409]; see also, *People* v. *Geiger, supra,* 35 Cal.3d at p. 526.) Consent to conviction of a lesser offense has been found when a defendant requests jury instructions on a lesser offense.[4] (*People* v. *Fain* (1983) 34 Cal.3d 350, 353, fn. 1 [193 Cal.Rptr. 890, 667 P.2d 694]; *People* v. *Ramos* (1972) 25 Cal.App.3d 529, 539 [101 Cal.Rptr. 230]; *People* v. *Chavira* (1970) 3 Cal.App.3d 988, 991-992 [83 Cal.Rptr. 851]; *People* v. *Rasher* (1970) 3 Cal.App.3d 798, 803-805 [83 Cal.Rptr. 724]; see *People* v. *Geiger, supra,* at p. 526.)  ■  The issue

---

[4]Until recently the explanation given for upholding the convictions in such cases has been that there has been an "implied amendment" of the accusatory pleading to charge the additional offense. (See, e.g., *People* v. *Francis* (1969) 71 Cal.2d 66, 74-75 [75 Cal.Rptr. 199, 450 P.2d 591].) As we have since recognized, this "implied amendment" is a fiction (*People* v. *West, supra,* 3 Cal.3d at p. 613) and the true explanation is that the due process notice requirement, upon which the rule against nonincluded offense convictions is based, is satisfied in such cases. (*Ibid.*) "When the defendant acquiesces in conviction of an uncharged offense . . . no amendment [of the indictment or information] is necessary." (*People* v. *Geiger, supra,* 35 Cal.3d 510, 528.)

presented here is whether consent should also be found when the instructions are given by the court sua sponte and no defense objection was raised, despite ample opportunity, to either the instructions or the verdict forms by which the nonincluded offense was submitted to the jury.

To place this issue in its proper context, it is helpful to review this court's decision in *People* v. *Geiger, supra,* 35 Cal.3d 510, in which we held that the trial court is not merely permitted but *required* to instruct on a lesser nonincluded offense when the defendant requests it, provided the lesser offense is closely related to that charged and the evidence provides a basis for finding the defendant guilty of the lesser but innocent of the charged offense. In the present case, the offense of battery with serious bodily injury is clearly a lesser related offense within the meaning of *Geiger.*

Noting that the submission of lesser offenses for the jury's consideration in appropriate cases is founded on the defendant's constitutional right to a jury determination of every material issue presented by the evidence, this court in *Geiger* quoted the reasoning of an earlier decision regarding the right to instructions on *included* offenses, as follows: " 'The requirement of instructions on lesser included offenses is based on the elementary principle that the court should instruct the jury on every material question. [Citation.] The state has no interest in a defendant obtaining an acquittal where he is innocent of the primary offense charged but guilty of a necessarily included offense. Nor has the state any legitimate interest in obtaining a conviction of the offense charged where the jury entertains a reasonable doubt of guilt of the charged offense but returns a verdict of guilty of that offense solely because the jury is unwilling to acquit where it is satisfied that the defendant has been guilty of wrongful conduct constituting a necessarily included offense. Likewise, a defendant has no legitimate interest in compelling the jury to adopt an all or nothing approach to the issue of guilt. Our courts are not gambling halls but forums for the discovery of truth.' " (*People* v. *Geiger, supra,* 35 Cal.3d at pp. 519-520, quoting *People* v. *St. Martin* (1970) 1 Cal.3d 524, 533 [83 Cal.Rptr. 166, 463 P.2d 390].)

As we explained in *Geiger,* the requirement that the jury be instructed on lesser *related* offenses at the defendant's request is grounded on essentially the same considerations: "Instructions on lesser offenses are required because a procedure which affords the trier of fact no option other than conviction or acquittal when the evidence shows that the defendant is guilty of some crime but not necessarily the one charged, increases the risk that the defendant may be convicted notwithstanding the obligation to acquit if guilt is not proven beyond a reasonable doubt. The pressures which create that risk thus affect the reliability of the fact finding process and thereby undermine the reasonable doubt standard." (*People* v. *Geiger, supra,* 35

Cal.3d at p. 520.) For this reason we concluded in *Geiger* that it would be "fundamentally unfair to deny the defendant the right to have the court or jury consider the 'third option' of convicting the defendant of the related offense." (*Ibid.*)[5]

■ In summary, the due process notice requirement precludes conviction for a lesser related offense when the defendant has not consented to its consideration by the trier of fact, but fundamental fairness also requires that the trier of fact be permitted to consider the lesser related offense when the defendant requests it. Thus the law recognizes that instructions on lesser related offenses may be highly beneficial or prejudicial to the defendant, depending on the defendant's trial preparation, the nature of the defense presented, and other matters of trial strategy. Because the defendant, assisted by counsel, is the only person who can assess the impact of lesser related offense instructions in a given case, the decision to permit or preclude consideration of the lesser related offense is a right accorded to the defendant.

A comparable situation exists when an alleged accomplice testifies as a prosecution witness and then again as a defense witness, giving testimony favorable to both the prosecution and the defense, so that an instruction to view the witness's testimony with caution could be either beneficial or harmful to the defendant. In such cases, contrary to the general rule that a jury instruction may be challenged on appeal even though no objection was raised at trial (§§ 1259, 1469; *People* v. *Hannon* (1977) 19 Cal.3d 588, 600 [138 Cal.Rptr. 885, 564 P.2d 1203]), an objection to a cautionary instruction has been required before the defendant may assert error on appeal because a defendant "may not sit silently during the course of his trial; create a situation which may be to his advantage or disadvantage and require the court to make an election on his behalf without being bound by that election." (*People* v. *Miller* (1960) 185 Cal.App.2d 59, 84 [8 Cal.Rptr. 91]; see also, *People* v. *Flanders* (1979) 89 Cal.App.3d 634, 640 [152 Cal.Rptr. 696].)

Notice to an accused of the charges against him is required by due process, as previously stated, "in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." (*In re Hess, supra,* 45 Cal.2d at p. 175.) ■ The general rule, however, is that a claim of unfair surprise at trial may not be raised for the first time after verdict: ". . . where a

---

[5] The benefit to the defendant of affording the jury a wide range of verdict options was recognized by the United States Supreme Court in *Beck* v. *Alabama* (1980) 447 U.S. 625 [65 L.Ed.2d 392, 100 S.Ct. 2382], which held that it is a denial of due process in a capital case to preclude the trial court from instructing on lesser included offenses.

situation arises which might constitute legal surprise, counsel cannot speculate on a favorable verdict. He must act at the earliest possible moment for the 'right to a new trial on the ground of surprise is waived if, when the surprise is discovered, it is not made known to the court, and no motion is made for a mistrial or continuance of the cause.' [Citations.]" (*Kauffman* v. *De Mutiis* (1948) 31 Cal.2d 429, 432 [189 P.2d 271].) We have indicated that this rule applies generally in criminal cases. (*People* v. *Wrigley* (1968) 69 Cal.2d 149, 159-160 [70 Cal.Rptr. 116, 443 P.2d 580].)

█  In accordance with these principles, it has been uniformly held that where an information is amended at trial to charge an additional offense, and the defendant neither objects nor moves for a continuance, an objection based on lack of notice may not be raised on appeal. (*People* v. *Lewis* (1983) 147 Cal.App.3d 1135, 1140 [195 Cal.Rptr. 728]; *People* v. *Walker* (1959) 170 Cal.App.2d 159, 164 [338 P.2d 536].) There is no difference in principle between adding a new offense at trial by amending the information and adding the same charge by verdict forms[6] and jury instructions. (See fn. 5, *ante*.) The risk of unfair surprise to the defendant is the same in either case, as is the potential benefit to the defendant of affording the jury a wider range of verdict options. To prevent speculation on a favorable verdict, a reasonable and fair rule in both situations is that a failure to promptly object will be regarded as a consent to the new charge and a waiver of any objection based on lack of notice.

Consent to the trier of fact's consideration of a nonincluded offense has been similarly inferred from a failure to object in cases involving submissions on preliminary hearing transcripts. For example, in *People* v. *Francis, supra,* 71 Cal.2d 66, the defendant submitted on the transcript without offering additional evidence or argument and, when the trial court announced its finding of guilty on a lesser related offense, counsel thanked the court. In upholding the conviction we quoted from an earlier case presenting similar facts: " '. . . defendant, represented by competent counsel, stood by and acquiesced in a procedure whereby he was forever discharged on the serious counts included in the information as originally filed, and convicted of a less serious offense. Had defendant felt that he was in any way prejudiced by the action of the trial court, he could have prevented the error now relied on by a simple objection. . . . [D]efendant's failure to object must be regarded as an implied consent to treat the information as having been amended to include the offense on which the sentence was imposed, and thus to be a waiver of the only objection—lack of notice of the offense

---

[6]An objection to jury verdict forms is generally deemed waived if not raised in the trial court. (*People* v. *Lewis, supra,* 147 Cal.App.3d 1135, 1142; *People* v. *Nichols* (1967) 255 Cal.App.2d 217, 224 [62 Cal.Rptr. 854].)

charged—which was available to defendant.'" (71 Cal.2d at p. 75, quoting *People* v. *Powell* (1965) 236 Cal.App.2d 884, 888 [46 Cal.Rptr. 417].)

■ Here also, defendant was represented at trial by competent counsel and there was no objection to the procedure which resulted in defendant's acquittal of the serious charges against him. The record shows that after an unreported conference on jury instructions the trial judge, in the absence of the jury, listed by CALJIC number each of the instructions he proposed to give "absent any objection." No objection was made to the proposed instructions on battery with serious bodily injury, nor was any objection thereafter raised to the jury's consideration of this uncharged offense. Defendant offered no evidence in his own behalf at the trial and in argument to the jury defense counsel conceded that defendant had stabbed the victim; thus, as in *Francis,* "neither [defendant] nor his attorney could rationally have anticipated anything other than a finding of guilt of some offense." (*Francis, supra,* 71 Cal.2d at p. 74.) As in *Francis,* the failure to object to the proposed instructions may be viewed as an implied consent to the trier of fact's consideration of the lesser related offense. (See also, *In re Robert G.* (1982) 31 Cal.3d 437, 444 [182 Cal.Rptr. 644, 644 P.2d 837] [acknowledging that in a Welfare and Institutions Code section 602 wardship proceeding a minor's failure to object to a finding of a nonincluded offense may constitute a consent and bar the minor from raising a due process claim on appeal]; *Ray* v. *State* (Fla. 1981) 403 So.2d 956, 961 [instructing on a nonincluded offense may not be cited as error on appeal if the defendant had an opportunity to object to the instructions but failed to do so and the offense is lesser in degree and penalty than the charged offense]; *Roberts* v. *State* (Fla.App. 1984) 461 So.2d 212, 214-215 [same].)

■ As noted, an appellate court has statutory authority to review any jury instruction "even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby." (§ 1259.) As we have explained, however, instructions on lesser related offenses are not erroneous in any of the usual senses of being legally incorrect, misleading, or unrelated to the facts of the case. Lesser related offense instructions generally are beneficial to defendants and in a given case only the defendant knows whether his substantial rights will be prejudicially affected by submitting a lesser related offense to the jury. While failure to object does not bar review of the instruction, it does bar a contention based on lack of notice.

### CONCLUSION

■ Although informed of the proposed jury instructions on the lesser related offense of battery with serious bodily injury, and asked to state any

objection, the defense did not object to the proposed instructions, or to the verdict forms, or in any other way claim unfair surprise or indicate dissatisfaction with the verdict options provided to the jury. We conclude that this failure to object constituted an implied consent to the jury's consideration of the lesser related offense and a waiver of any objection based on lack of notice.[7]

The judgment of the Court of Appeal is reversed.

Lucas, C. J., Panelli, J., Arguelles, J., and Eagleson, J., concurred.

**BROUSSARD, J.**—I dissent.

The majority recognize, as they must, that an accusatory pleading charges only the offense pleaded and necessarily included offenses, that battery with serious bodily injury was neither charged nor a lesser included offense of those expressly charged, and that to convict a defendant of an uncharged offense constitutes a denial of due process unless the defendant has consented or waived the error. (Maj. opn. at pp. 972-974.)

I do not agree with the majority that consent or waiver may be found where defendant did not object to the battery instructions or to the verdict forms involving battery. The majority's finding of consent and waiver on the basis of lack of objection by the defendant is contrary to settled constitutional principles and flies in the face of the governing statute. The state does not, by falsely overcharging the defendant, obtain the right to browse through the Penal Code seeking to find new lesser offenses to spring on the defendant after the evidence is in with the hope that defendant will not notice the addition of the new offense. Moreover, the practical response to the majority's consent-and-waiver theory will impede the efficient administration of justice.

Our criminal procedure establishes an accusatory system, not an investigatory one. "Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense. . . . (*In re Oliver* [1948] 333 U.S. 257, 273

---

[7]The dissent states we are in effect overruling eight listed cases in which appellate courts reversed or modified convictions of uncharged crimes after jury verdicts. In one of these cases—*People* v. *Arnett* (1899) 126 Cal. 680 [59 P. 204]—the nonincluded offense instructions were given at the defendant's request; this case has been impliedly disapproved by *Geiger, supra,* 35 Cal.3d 510. In none of the remaining decisions is it stated whether the defendant requested submission of the nonincluded offense, objected to the submission, or remained silent, and none of these cases discuss the consent issue. Because a decision is not authority for propositions not considered (*In re Tartar* (1959) 52 Cal.2d 250, 258 [339 P.2d 553]), we do not deem it necessary or proper to overrule any of these decisions.

[92 L.Ed. 682, 694, 68 S.Ct. 499]; *Cooke* v. *United States* [1924] 267 U.S. 517, 536-537 [69 L.Ed. 767, 774, 45 S.Ct. 390]; *In re Digiuro* [1950] 100 Cal.App.2d 260, 261 [223 P.2d 263]; see also *People* v. *Robinson* [1930] 107 Cal.App. 211, 217 [290 P. 470].)" (*In re Hess* (1955) 45 Cal.2d 171, 175 [288 P.2d 5]; *In re Robert G.* (1982) 31 Cal.3d 437, 440-441 [182 Cal.Rptr. 644, 644 P.2d 837]; *People* v. *Lohbauer* (1981) 29 Cal.3d 364, 368 [173 Cal.Rptr. 453, 627 P.2d 183]; *People* v. *West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].) No principle of procedural due process is more clearly established than that notice of the specific charge and a fair opportunity to be heard are among the constitutional rights of every accused. (*People* v. *Thomas* (1987) 43 Cal.3d 818, 823 [239 Cal.Rptr. 307, 740 P.2d 419].)

Convictions of lesser uncharged crimes have been reversed or vacated where the conviction followed trial by the court (e.g., *People* v. *Lohbauer, supra,* 29 Cal.3d 364, 368 et seq.) or by jury (*In re Hess, supra,* 45 Cal.2d 171, 173 et seq.; *People* v. *Smith* (1902) 136 Cal. 207, 209 [68 P. 702]; *People* v. *Arnett* (1899) 126 Cal. 680, 681-682 [59 P. 204]; *People* v. *Murat* (1873) 45 Cal. 281, 283; *People* v. *Vanard* (1856) 6 Cal. 562, 563 [42 Cal.Rptr. 745]; *People* v. *Leech* (1965) 232 Cal.App.2d 397, 398 et seq.; *People* v. *Arnarez* (1924) 68 Cal.App. 645, 648 et seq. [230 P. 193]; *People* v. *Akens* (1914) 25 Cal.App. 373, 375 [143 P. 795]). As the age of these cases indicates, the issue has not arisen frequently in recent years because, as the law of lesser included offenses has become largely settled, trial judges can usually easily determine whether an offense is necessarily included and limit the instructions and verdict forms accordingly.

One exception has been made to the constitutional rule precluding conviction of an uncharged offense. "Since a defendant who requests or acquiesces in conviction of a lesser offense cannot legitimately claim lack of notice, the court has jurisdiction to convict him of that offense." (*People* v. *West, supra,* 3 Cal.3d 595, 612.) Consent and acquiescence may properly be found where defendant pleads guilty or nolo contendre to a lesser but uncharged crime (*ibid.*), or where he engages in a slow plea by submitting on the transcript of a preliminary hearing which contains unchallenged evidence of guilt of the crime charged as well as of the lesser crime for which he was convicted. (*People* v. *Francis* (1969) 71 Cal.2d 66, 74-75 [75 Cal.Rptr. 199, 450 P.2d 591].)

However, the silence of the accused in failing to object to an instruction on the uncharged crime or a verdict form may not be viewed as consent to or acquiescence in conviction of the uncharged crime. First, in none of the numerous cases cited above where appellate courts reversed or set aside convictions of uncharged crimes after jury verdicts does it appear that the defendant objected to the instruction on the uncharged crime or to the

verdict forms. Since the appellate courts were reversing convictions, it is unreasonable to suggest that the appellate judges would refrain from mentioning the objection if one occurred or that they overlooked the lack of an objection. I would continue to follow those cases. The majority, by holding that failure to object constitutes consent and waiver, is in effect overruling all of those cases.

Second, when we deal with fundamental constitutional rights, the rule is settled that waiver of fundamental constitutional rights may not be presumed from a silent record. (*Boykin* v. *Alabama* (1969) 395 U.S. 238, 243-244 [23 L.Ed.2d 274, 279-280, 89 S.Ct. 1709]; *In re Tahl* (1969) 1 Cal.3d 122, 130-131 [81 Cal.Rptr. 577, 460 P.2d 449].) "Several federal constitutional rights are involved in a waiver that takes place when a plea of guilty is entered in a state criminal trial. First, is the privilege against compulsory self-incrimination. . . . [Citations.] Second, is the right to trial by jury. [Citation.] Third, is the right to confront one's accusers. [Citation.] We cannot presume a waiver of these three important federal rights from a silent record." (*Ibid.*) The right to notice of the specific charge faced in time to prepare the defense is as clearly established and important as the rights involved in *Boykin,* and we should not presume a waiver of the right to timely notice from a silent record. Defendant is entitled to be arraigned on and to plead to the new charge.

Third, the majority opinion flies in the face of Penal Code section 1259 which provides for appellate court review of any jury instruction "even though no objection was made thereto in the lower court, if the substantial rights of the defendant were affected thereby." By concluding that the absence of objection to the battery instruction constitutes consent and waiver, the majority is holding that an objection to the instruction is necessary for appellate review, contrary to the express provision of the code.

Fourth, the unfairness of finding consent and waiver from the failure to object is shown by the facts of this case. The judge announced the instructions to be given including in the lengthy list the battery instructions. So far as appears this was the first mention of battery. The arguments began immediately thereafter. The prosecutor did not argue for conviction of battery; her argument merely mentioned battery as an offense included in the charge of attempted murder.

Defense counsel who no doubt prepared his argument prior to the judge's announcement did not even mention battery once. Defense counsel argued against the attempted murder charge, the attempted voluntary manslaughter instruction and the aggravated assault charge by pointing out that defendant and his half-brother were on excellent terms, that while defendant

may have been angry, the anger was directed at the girl he had been dating, that the victim, not defendant, initiated the physical confrontation by grabbing defendant from the rear, and that after defendant hit his half-brother they wrestled to the ground. Counsel emphasized that the stabbing occurred during the wrestling and not when defendant returned to the kitchen after his escape and kicked his half-brother.

Defense counsel concluded by arguing that the evidence did not establish intent to kill or intent to inflict great bodily injury. Although the judge instructed on self-defense, counsel did not argue self-defense. The judge's instruction on battery with great bodily injury, in the light of counsel's argument or lack thereof, could only have been a bombshell. The instruction on battery with great bodily injury required only that great bodily injury resulted; it did not require a specific intent to inflict great bodily injury.

Thus none of defense counsel's argument addressed the battery offense, and the unfairness in injecting the battery issue at the last minute after the evidence was in and just before argument commenced is apparent. We can only speculate as to the questions defense counsel may have asked of the witnesses or what he might have argued had he been timely advised of the battery charge. Obviously, defendant was guilty of simple assault because after escaping from the wrestling match he returned and kicked his half-brother. But under the evidence there was room for defense counsel to argue that he was not guilty of any greater crime.

Fifth, I am concerned with the effect of today's ruling on future practice in our trial courts. It seems to me that after today's decision, careful defense counsel will as a matter of course be required to object to each instruction that he did not offer and to object to the verdict forms so that the appellate court will not conclude that he consented to the instructions or waived any error. While the majority say that defendant without objecting may obtain review of the instructions (maj. opn. at p. 977), a careful defense counsel cannot take the chance that he will somehow be deemed to have consented to an instruction or to have waived the error. The obvious purpose of Penal Code section 1259 was to prevent the loss of time in trials if defense counsel were required to object individually to each of the instructions.

By equating lack of objection with consent and waiver, the majority seriously impair the efficient administration of justice at a time when our trial courts are stretched to deal with the ever increasing case load.

Affirmance of the conviction in the instant case is not worth the increased burden placed on defense counsel and our trial courts or the infringement of constitutional rights.

I would affirm the judgment of the Court of Appeal.

Mosk, J., concurred.

Appellant's petiton for a rehearing was denied March 23, 1989. Mosk, J., and Broussard, J., were of the opinion that the petition should be granted.