[No. H006880. Sixth Dist. Jan. 18, 1991.]

In re ALBERTO S., a Person Coming Under the Juvenile Court Law.
THE PEOPLE, Plaintiff and Respondent, v.
ALBERTO S., Defendant and Appellant.

[No. H007726. Sixth Dist. Jan. 18, 1991.]

In re ALBERTO S. on Habeas Corpus.

---

COUNSEL

Joan Isserlis, under appointment by the Court of Appeal, for Defendant and Appellant.

John K. Van de Kamp, Attorney General, Richard B. Iglehart, Chief Assistant Attorney General, John H. Sugiyama, Assistant Attorney General, Laurence K. Sullivan and Martin S. Kaye, Deputy Attorneys General, for Plaintiff and Respondent.

---

OPINION

AGLIANO, P. J.—Alberto S., a minor charged in juvenile court with rape (Pen. Code, § 261, subd. (2)),[1] appeals from a judgment of wardship entered upon a finding by the court that he had committed the lesser offense of sexual battery (Pen. Code, § 243.4). He contends the judgment is invalid because he was given no notice and he did not consent to the court's finding of an offense which was not charged in the petition. We agree, and therefore reverse the judgment.

By a petition filed pursuant to Welfare and Institutions Code section 602, the minor was charged with raping Julie M., also a minor. The petition alleged: "[Minor], on or between September 21, 1989 to September 22, 1989, at and in the County of Santa Clara, State of California, did accomplish an act of sexual intercourse with Julie M., a person not the spouse of said minor, against said [minor's] will by means of force, violence and fear of immediate and unlawful bodily injury; thereby violating section 261(2) of the Penal Code of the State of California, a felony." The minor denied the allegation, and a jurisdictional hearing commenced on February 9, 1990.

The People presented evidence by way of expert testimony to show that Julie had a low IQ which impeded her ability to articulate abstract concepts. The victim herself then testified. She stated, essentially, that she had gone to an apartment late one evening wearing a nightgown and coat in response to a telephone caller inviting her to a party. When she arrived at

---

[1] All further statutory references will be to the Penal Code unless otherwise indicated.

the apartment, she went to use the master bathroom. As she walked out of the bathroom, the minor was waiting in the bedroom. He placed his arms around her waist, pulled her gently to the floor, lifted her nightgown and inserted his penis into her vagina. She testified she stated "no, no, no," at some point before actual intercourse began. She did not struggle, call for help, or say anything further to the minor. Julie stated the minor did not threaten her in any manner or use any force to accomplish the intercourse, but that she had been afraid. She testified the minor was on top of her for an hour. Suffice it to say her testimony during direct and cross-examinations was fraught with inconsistencies.

The minor argued that nothing whatever had occurred between him and the victim, but that she had fabricated the story. The minor did not testify. He did, however, present evidence to controvert the People's case, including evidence that the alleged event could not have occurred at the location noted in the police report.

After the close of evidence, the People moved to amend the petition to add an allegation of violation of section 261, subdivision (1), sexual intercourse with a person incapable of giving consent due to a mental disorder or developmental disability. The petition was so amended. In closing, the defense argued that the evidence was insufficient to support liability for either charged offense. The idea that the minor might be found liable for a lesser related uncharged offense was not mentioned at any time during the proceedings, by either the parties or the court.

The court ruled the evidence was insufficient to sustain the petition under either charged offense, but then found "there is sufficient evidence to sustain a petition on a violation of a lesser included offense of a violation of Penal Code section 243.3, sexual battery, as a felony."[2] The minor made no comment with respect to this finding at the time.

■ On appeal, the minor contends the trial court erred in characterizing sexual battery as a lesser included offense within section 261 (rape), with which he was charged. ■ He maintains the court lacked jurisdiction to sustain the petition on the uncharged crime of sexual battery, having acquitted him of the section 261 charges.

■ The minor maintains, and respondent agrees, that sexual battery is not included in the charge of rape. ■ "An offense is necessarily

---

[2] The court noted shortly thereafter that it had misspoken; that it was finding a violation of section 243.4, which is the sexual battery section. Section 243.4 provides, in relevant part: "(a) Any person who touches an intimate part of another person while that person is unlawfully restrained by the accused or an accomplice, and if the touching is against the will of the person touched and is for the purpose of sexual arousal, gratification, or abuse, is guilty of sexual battery . . . ."

included within a charged offense 'if under the statutory definition of the charged offense it cannot be committed without committing the lesser offense, or if the charging allegations of the accusatory pleading include language describing the offense in such a way that if committed as specified the lesser offense is necessarily committed.' (*People* v. *Geiger* [1984] 35 Cal.3d 510, 517, fn. 4.)" (*People* v. *Toro* (1989) 47 Cal.3d 966, 972 [254 Cal.Rptr. 811, 766 P.2d 577].) Sexual battery is a specific intent crime, while rape requires only general intent. Generally, a crime which requires specific intent cannot be a lesser included offense of a general intent crime. The exception to this rule is an attempt to commit a general intent crime, because all attempts require specific intent to commit the crime. (1 Witkin & Epstein, Cal. Criminal Law (2d ed. 1988) § 143, p. 160.) We find that the crime of sexual battery is not necessarily included within the crime of rape. Furthermore, the language set forth in the petition did not describe the charged offense in such a way that, if committed, it would necessarily include a commission of sexual battery.

Juvenile court proceedings are controlled by the same concerns and rules as adult criminal proceedings with respect to the due process right to notice of specific charges or factual allegations. (*In re Robert G.* (1982) 31 Cal.3d 437, 441-443 [182 Cal.Rptr. 644, 644 P.2d 837].) "It is fundamental that 'When a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. [Citations.] This reasoning rests upon a constitutional basis: "Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." [Citation.]' (*People* v. *West* (1970) 3 Cal.3d 595, 612 . . . .)" (*People* v. *Lohbauer* (1981) 29 Cal.3d 364, 368 [173 Cal.Rptr. 453, 627 P.2d 183].)

"However, an exception to this rule has long been recognized in cases where a defendant expressly or impliedly consents to have the trier of fact consider a nonincluded offense: 'Since a defendant who requests or acquiesces in conviction of a lesser offense cannot legitimately claim lack of notice, the court has jurisdiction to convict him of that offense.' [Citation.]" (*People* v. *Toro, supra,* 47 Cal.3d at p. 973.)

Respondent argues that the minor's silence at the time the court announced its decision constituted implied acquiescence to the sexual battery conviction, and that therefore the court had jurisdiction to convict him of the offense. This argument is not supported by the record.

Courts have found implied consent to conviction of a lesser related offense when defendant requests jury instructions on the lesser offense.

(*People* v. *Fain* (1983) 34 Cal.3d 350, 353, fn. 1 [193 Cal.Rptr. 890, 667 P.2d 694]; *People* v. *Ramos* (1972) 25 Cal.App.3d 529, 539 [101 Cal.Rptr. 230]; *People* v. *Chavira* (1970) 3 Cal.App.3d 988, 991-992 [83 Cal.Rptr. 851].) Courts have also found consent when instructions are given by the court, sua sponte, and no defense objection was raised, despite ample opportunity, to either the instructions or the verdict forms by which the nonincluded offense was submitted to the jury. (*People* v. *Toro, supra,* 47 Cal.3d 966, 974.) Additionally, consent has been found based on a defendant's request for conviction of a lesser offense (*People* v. *Geiger* (1984) 35 Cal.3d 510, 527-528 [199 Cal.Rptr. 45, 674 P.2d 1303, 50 A.L.R.4th 1055]), stipulation that the lesser included offense is necessarily included (*People* v. *Calder* (1970) 6 Cal.App.3d 931 [86 Cal.Rptr. 446]), or engagement in a slow plea procedure (submission of the matter on the preliminary transcript), without evidence or argument on the defendant's behalf (*People* v. *Francis* (1969) 71 Cal.2d 66, 75-76 [75 Cal.Rptr. 199, 450 P.2d 591]).

In each of the above cited instances, the defendant had some warning, or notice, of the possibility that he might be convicted of a lesser related offense. Thus, the due process requirements articulated in *Lohbauer, supra,* 29 Cal.3d at page 368, were addressed.

The present case, however, involves a situation where minor had no warning or notice that he was subject to the charge of the lesser related offense. Two courts have ruled recently in factually similar cases that a defendant's failure to object to a court's finding him or her guilty of a lesser related offense after the decision is announced does not support a reasonable inference of consent to conviction of the offense. (*People* v. *Delahoussaye* (1989) 213 Cal.App.3d 1, 11-13 [261 Cal.Rptr. 287]; *People* v. *Delgado* (1989) 210 Cal.App.3d 458, 463-464 [258 Cal.Rptr. 365].) We likewise find under the facts of this case that the minor's silence at the time the decision was announced cannot support an inference of his consent to the sexual battery finding. Here, minor denied the crimes charged, and asked for trial by the court. No mention was made during the proceedings of lesser, nonincluded offenses. When the court expressed its doubt as to the charged offenses, it concluded that sexual battery was a lesser included offense in the charge of rape. However, it was not. (See *People* v. *Delahoussaye, supra,* 213 Cal.App.3d at p. 13.) Under these circumstances, defendant's failure to object does not imply consent to the conviction.

Respondent argues that the *Delgado* and *Delahoussaye* cases were wrongly decided, and that we should find consent on defendant's part by his failure to object to the sexual battery conviction at the time it was announced or at the later disposition hearing. They contend the fact that defendant *could* have objected after the court announced its decision, but

did not, is the equivalent of the defendant acquiescing to the conviction. We cannot agree.

While an objection at this point would have afforded the court an opportunity to correct its mistake and acquit the minor outright, it would not have affected the fact that the court had no jurisdiction to find minor had committed the uncharged offense. The court had already found that the evidence was insufficient to sustain the charged offenses and had, in effect, acquitted the minor. The minor cannot be held accountable for the court's action, which exceeded the bound of its authority.

The judgment is reversed, and the cause remanded to the trial court with directions to dismiss the petition. In light of the decision reached in this appeal, defendant's petition for a writ of habeas corpus is moot.

Premo, J., and Cottle, J., concurred.