[No. B165435. Second Dist., Div. Three. Mar. 29, 2004.]

THE PEOPLE, Plaintiff and Appellant, v.
ROGER CHARLES PARKS, SR., Defendant and Appellant.

2

COUNSEL

John L. Staley, under appointment by the Court of Appeal, for Defendant and Appellant.

Bill Lockyer, Attorney General, Robert R. Anderson, Chief Assistant Attorney General, Pamela C. Hamanaka, Assistant Attorney General, Lance E. Winters and Timothy M. Weiner, Deputy Attorneys General, for Plaintiff and Appellant.

Steve Cooley, District Attorney, Patrick D. Moran and Brent Riggs, Deputy District Attorneys, as Amicus Curiae.

OPINION

KLEIN, P. J.—

## SUMMARY STATEMENT

An amended information filed November 14, 2002, charged Roger Charles Parks, Sr., with attempted murder. (Pen. Code, §§ 664, 187.)[1] Parks waived trial by jury. The trial court acquitted Parks of attempted murder but found him guilty of assault with a firearm. (§ 245, subd. (a)(2).) When Parks first objected, a month later, that assault with a firearm is not a lesser included offense of attempted murder, the trial court amended its verdict to reflect a conviction of attempted voluntary manslaughter (§§ 664, 192), which is a lesser included offense of attempted murder.

On appeal, Parks contends, and the Attorney General concedes, the conviction must be reversed because assault with a firearm is not a lesser offense included within attempted murder and Parks did not give express or implied consent to a conviction on a lesser related offense. (*In re Alberto S.* (1991) 226 Cal.App.3d 1459, 1465 [277 Cal.Rptr. 475]; *People v. Delahoussaye* (1989) 213 Cal.App.3d 1, 11–13 [261 Cal.Rptr. 287]; *People v. Delgado* (1989) 210 Cal.App.3d 458, 463–464 [258 Cal.Rptr. 365].)

The District Attorney of Los Angeles County, appearing as amicus curiae, urges this court to decline the Attorney General's concession on the ground that Parks impliedly consented to conviction of assault with a firearm. Alternatively, the district attorney argues the trial court had authority to correct the verdict before imposition of sentence.

Based on the circumstances presented, we conclude the Attorney General's concession is appropriate. Accordingly, we reverse Parks's conviction.

## FACTUAL AND PROCEDURAL BACKGROUND

1. *Court trial and argument.*

The evidence adduced at the court trial indicated that on July 22, 2002, at approximately 2:00 a.m., Parks fought with his friend of 20 years, George Giles, at a party in Long Beach. The incident culminated with Parks shooting Giles numerous times causing serious bodily injury. Parks testified he fired in self-defense.

---

[1] Subsequent unspecified statutory references are to the Penal Code.

After the parties rested but before either counsel argued, the trial court asked both counsel to address whether any "lesser included [offense] may be involved in this case . . . ."

The prosecutor argued the evidence supported a conviction of the charged offense, attempted murder. Defense counsel discussed CALJIC 5.31 then argued the evidence justified Parks's use of deadly force to defend himself.[2] Defense counsel also argued Parks's intoxication negated the specific intent required for attempted murder. The prosecutor responded the evidence disclosed an intent to kill but then said: "There is assault with a firearm, it's a general intent crime. The intoxication really doesn't matter. But unless the court in some manner accepts the defendant's version of events—" The trial court interrupted to state it believed some of the defendant's testimony and rejected some of the prosecution's evidence. The trial court advised the prosecutor, "I think you ought to address the issue of lesser included [offenses] because I don't think you proved this case."

The prosecutor stated, "[i]f the court believes that the defendant genuinely had that fear and it's not reasonable, then it's an attempted voluntary manslaughter." Defense counsel did not respond further.

2. *The verdict.*

The trial court declared it had a reasonable doubt as to whether the People had proved Parks premeditated the attack and thus had not proved the charge of attempted murder.[3] The trial court concluded Parks had knocked Giles down in the fight and, even if Parks had been justified in shooting Giles once, "he was certainly not justified in pumping three additional bullets into the victim . . . ." The trial court found Parks guilty of assault with a firearm and found true allegations that Parks personally inflicted great bodily injury and personally discharged a firearm in the commission of the offense. (§§ 12022.7, subd. (a), 12022.53, subd. (c).)

The minute order prepared for this November 14, 2002 hearing indicates the trial court amended the information on its own motion to allege assault with a firearm rather than attempted murder.

---

[2] CALJIC No. 5.31 provides: "An assault with the fists does not justify the person being assaulted in using a deadly weapon in self-defense unless that person believes and a reasonable person in the same or similar circumstances would believe that the assault is likely to inflict bodily injury upon [him]."

[3] We note, in passing, that attempted murder requires intent to kill (see *People v. Montes* (2003) 112 Cal.App.4th 1543, 1549 [5 Cal.Rptr.3d 800]), but does not require premeditation.

### 3. *Postverdict proceedings.*

On December 20, 2002, Parks moved for acquittal on the ground the trial court had convicted Parks of an offense that was not included within attempted murder.

Before denying the motion, the trial court recalled it had found Parks "not guilty of attempted murder. However, I did make certain findings concerning the conduct of the defendant: That the shooting was unjustified; that he was not in imminent fear of his life; that the force used in defense of self was excessive." The trial court indicated it had reviewed the relevant case law and had concluded assault with a firearm with a great bodily injury enhancement is not a lesser offense included within attempted murder. The trial court noted the case had been tried without a jury and indicated it intended to correct the record to reflect conviction of attempted voluntary manslaughter. The trial court indicated it was relying upon the same evidence to convict Parks of attempted voluntary manslaughter as it had relied upon to convict him of assault with a firearm. At the sentencing hearing on January 24, 2003, Parks sought dismissal on the ground the acquittal on the attempted murder charge deprived the trial court of jurisdiction to reconsider the verdict and convict Parks of attempted voluntary manslaughter. The trial court denied the motion and amended the information to add the charge of attempted voluntary manslaughter. The trial court then sentenced Parks to a prison term of 18 years.

### CONTENTIONS

Parks contends the conviction must be reversed on the grounds raised in the trial court. The People, represented by the Attorney General of the State of California (the AG), concede the point. The District Attorney of Los Angeles County (the DA), appearing as amicus curiae, urges this court to reject the AG's concession, find Parks impliedly waived any objection to the improper verdict, and reinstate the conviction of assault with a firearm. Alternatively, the DA suggests the trial court properly could amend its verdict before sentencing to reflect a conviction of attempted voluntary manslaughter.

### DISCUSSION

### 1. *Underlying principles.*

"It is fundamental that 'When a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. [Citations.] This reasoning rests upon a constitutional basis: "Due process of law requires that an accused be advised

of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial." [Citation.]' (*People v. West* (1970) 3 Cal.3d 595, 612 [91 Cal.Rptr. 385, 477 P.2d 409].)" (*People v. Lohbauer* (1981) 29 Cal.3d 364, 368 [173 Cal.Rptr. 453, 627 P.2d 183].)

"However, an exception to this rule has long been recognized in cases where a defendant expressly or impliedly consents to have the trier of fact consider a nonincluded offense: 'Since a defendant who requests or acquiesces in conviction of a lesser offense cannot legitimately claim lack of notice, the court has jurisdiction to convict him of that offense.' [Citation.]" (*People v. Toro* (1989) 47 Cal.3d 966, 973 [254 Cal.Rptr. 811, 766 P.2d 577], disapproved on other grounds by *People v. Guiuan* (1998) 18 Cal.4th 558 [76 Cal.Rptr.2d 239, 957 P.2d 928].)

With these principles in mind, we address the issues presented.

2. *Assault with a firearm is not a lesser included offense of attempted murder.*

Parks contends assault with a firearm is not included within attempted murder. The AG concedes the point and the concession is well taken.

"Under California law, a lesser offense is necessarily included in a greater offense if either the statutory elements of the greater offense, or the facts actually alleged in the accusatory pleading, include all the elements of the lesser offense, such that the greater cannot be committed without also committing the lesser." (*People v. Birks* (1998) 19 Cal.4th 108, 117 [77 Cal.Rptr.2d 848, 960 P.2d 1073], see also *People v. Ortega* (1998) 19 Cal.4th 686, 698 [80 Cal.Rptr.2d 489, 968 P.2d 48].)

 Under the statutory elements test, assault with a firearm is not included within attempted murder. (*People v. Cook* (2001) 91 Cal.App.4th 910, 918–919 [111 Cal.Rptr.2d 204].) The same result obtains under the accusatory pleading test because firearm use and great bodily injury enhancements may not be considered when determining whether an offense is necessarily included under this test. (*People v. Wolcott* (1983) 34 Cal.3d 92, 101 [192 Cal.Rptr. 748, 665 P.2d 520].)

Therefore, under either the statutory elements test or the accusatory pleading test, assault with a firearm was not a lesser included offense of attempted murder in this case.

### 3. *Parks did not consent to a conviction of a lesser related offense.*

Parks contends application of the *Lohbauer* rule mandates reversal of the conviction. The AG notes that, although a conviction of a lesser related offense may be upheld where it is entered with the defendant's express or implied consent, courts have declined to find consent based on the failure of the accused to object when the trial court enters an erroneous verdict after a court trial. (*In re Alberto S., supra,* 226 Cal.App.3d 1459 and *People v. Delahoussaye, supra,* 213 Cal.App.3d at pp. 12–13; *People v. Delgado, supra,* 210 Cal.App.3d at p. 465.)

In *Delgado,* the trial court rendered its verdict "without advising the parties it was considering any lesser included related offense . . . ." (*People v. Delgado, supra,* 210 Cal.App.3d at p. 465.) In *Delahoussaye* the trial court represented to the accused that battery was a lesser offense included within the charged offense, thereby implying it had authority to convict of the battery charge without the consent of the accused. (*People v. Delahoussaye, supra,* 213 Cal.App.3d at p. 13.) In *In re Alberto S., supra,* 226 Cal.App.3d 1459, a juvenile court found a minor charged with rape guilty of sexual battery, which is not a lesser offense included within rape. *Alberto S.* found the minor lacked notice of the lesser related offense. In each case, the conviction or true finding had to be reversed.

*Alberto S.* explained that "silence at the time the [erroneous] decision was announced cannot support an inference of . . . consent . . . . No mention was made during the proceedings of lesser, nonincluded offenses. When the court expressed its doubt as to the charged offenses, it concluded that sexual battery was a lesser included offense in the charge of rape. However, it was not. [Citation.] Under these circumstances, defendant's failure to object does not imply consent to the conviction." (*In re Alberto S., supra,* 226 Cal.App.3d at p. 1465.)

The AG concedes this line of cases is directly applicable here. The AG further concedes the acquittal on the charge of attempted murder also constituted an acquittal of all lesser offenses included within attempted murder. (*People v. Garcia* (1985) 166 Cal.App.3d 1056, 1068–1069 [212 Cal.Rptr. 822].) The trial court's attempt to rectify the error one month later by entering a conviction of attempted voluntary manslaughter was unavailing, given that an acquittal already had been entered. Thus, the conviction of attempted voluntary manslaughter must be reversed.

### 4. *The DA's analysis of the issue.*

The DA argues Parks's reliance on *In re Alberto S., People v. Delahoussaye* and *People v. Delgado* is misplaced. The DA asserts these

cases apply only where "*[n]o mention was made during the proceedings* of lesser, nonincluded offenses." (*In re Alberto S., supra,* 226 Cal.App.3d at p. 1465, italics added.)

The DA contends Parks had notice of the lesser related charge because the prosecutor mentioned assault with a firearm after the trial court asked the parties to address the applicability of lesser included offenses. The DA analogizes to the failure to object to jury instructions and verdict forms on a lesser related offense. (*People v. Toro, supra,* 47 Cal.3d at p. 976.)

However, *Toro* does not assist the DA's position. In *Toro,* without a request from the defendant, the trial court instructed the jury and provided verdict forms on a lesser related offense and the jury found the defendant guilty of this lesser related offense. (*People v. Toro, supra,* 47 Cal.3d at pp. 972–973.) *Toro* held the failure to object to the trial court's instruction and verdict form constituted implied consent to the jury's consideration of the lesser related offense and a waiver of any procedural due process objection based on lack of notice. (*People v. Toro, supra,* at pp. 975–978.) The DA reasons Parks had similar notice and concludes the conviction of assault with a firearm was appropriate and should be reinstated.

We disagree. The failure to object to the prosecutor's argument cannot be seen as the equivalent of failing to object to jury instructions and verdict forms. In the latter situation, the accused has written notice the lesser related offense is being considered by the trier of fact and has an opportunity to object before the oral instruction and written verdict forms are provided to the jury. Parks was not given any similar opportunity. After the trial judge considered the evidence, it asked the parties to address lesser *included* offenses. The trial court thereafter convicted Parks of a lesser *related* offense. Parks was never given notice the trial court was considering anything but lesser *included* offenses. The mere mention of assault with a firearm by the prosecutor did not put Parks on notice the trial court was considering lesser related offenses.

█ Thus, as in *Alberto S., Delahoussaye* and *Delgado,* Parks lacked "warning or notice that he was subject to the charge of the lesser related offense." (*In re Alberto S., supra,* 226 Cal.App.3d at p. 1465.) Because it cannot be said that Parks consented to the trial court's consideration of lesser related offenses, the conviction must be reversed.

### 5. *The DA's amendment argument is not persuasive.*

The DA contends the trial court had inherent power to amend its verdict prior to sentencing and convict Parks of attempted voluntary manslaughter when Parks brought the error to the trial court's attention.

However, section 1167 provides: "When a jury trial is waived, the judge or justice before whom the trial is had shall, at the conclusion thereof, announce his findings upon the issues of fact, which shall be in substantially the form prescribed for the general verdict of a jury and shall be entered upon the minutes."

In this case, the trial court heard the evidence, listened to argument from the parties and announced its verdict on November 14, 2002. A minute order prepared for that date records the verdict. However, the verdict worked as an acquittal of attempted murder and its lesser included offenses. (*People v. Garcia, supra,* 166 Cal.App.3d at p. 1067.) An acquittal constitutes a judgment in favor of the defendant. "Once a judgment has been rendered in a criminal action the trial judge is without power or authority to change or modify or correct the judgment except for purely clerical errors. This is true even though a judge may have forgotten or overlooked some significant factor. [Citations.]" (*Ibid.*) Thus, the trial court lacked authority to modify the verdict from not guilty to guilty on December 20, 2002.

*People v. Flores* (1974) 12 Cal.3d 85, 95 [115 Cal.Rptr. 225, 524 P.2d 353], the case relied upon by the DA, does not persuade us to reach a different result. In *Flores*, the defendant and an associate burglarized a residence. The parties waived jury and stipulated the trial court would fix the degree of the burglary at the time of sentencing. However, the trial court neglected to do so before it granted probation. The People argued that because the imposition of sentence had been suspended, the defendant was not entitled to the benefit of section 1192, which applies only when the court fails to fix the degree of the crime "before passing sentence."[4] *Flores* rejected this argument and concluded an order granting probation constitutes imposition of sentence for the purposes of fixing the degree of the offense. Thus, *Flores* dealt with an exception to the general rule stated in section 1167 that a verdict is entered at the conclusion of the evidence and is entered upon the minutes.

In this case, the trial court acquitted Parks of attempted murder and all lesser included offenses on November 14, 2002. Thus, the trial court lacked jurisdiction to convict Parks of attempted voluntary manslaughter on December 20, 2002.

As *Alberto S.* noted in addressing whether the accused must object to an improper verdict after it has been rendered, "While an objection at this point

---

[4] Section 1192 provides: "Upon a plea of guilty, or upon conviction by the court without a jury, of a crime or attempted crime distinguished or divided into degrees, the court must, before passing sentence, determine the degree. Upon the failure of the court to so determine, the degree of the crime or attempted crime of which the defendant is guilty, shall be deemed to be of the lesser degree."

would have afforded the court an opportunity to correct its mistake and acquit the minor outright, it would not have affected the fact that the court had no jurisdiction to find minor had committed the uncharged offense. The court had already found that the evidence was insufficient to sustain the charged offenses and had, in effect, acquitted the minor. The minor cannot be held accountable for the court's action, which exceeded the bound of its authority." (*In re Alberto S., supra,* 226 Cal.App.3d at p. 1466.)

### 6. *Conclusion.*

Parks did not impliedly consent to conviction of a lesser related offense and the trial court thereafter lacked jurisdiction to convict Parks of attempted voluntary manslaughter. Accordingly, the conviction must be set aside.

Based on this resolution, we need not address the remaining issues raised by the parties.

## DISPOSITION

The judgment is reversed.

Croskey, J., and Aldrich, J., concurred.

On April 28, 2004, the opinion was modified to read as printed above.