Filed 11/8/21 P. v. Baker CA5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>        v.<br><br>MICHAEL LOGAN BAKER,<br><br>    Defendant and Appellant. | F080577<br><br>(Super. Ct. No. CRF54587)<br><br>**OPINION** |

-ooOoo-

APPEAL from a judgment of the Superior Court of Tuolumne County. Kevin M. Seibert, Judge.

McCallister & McCallister and Kirk W. McAllister for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez and Jennifer Oleksa, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

Michael Logan Baker was involved in a fistfight. He was subsequently charged with two crimes. The matter proceeded to jury trial during which the jury informed the court it had reached a not guilty verdict on one charge but was unsure if it should deliberate on the second charge.

As discussed in greater detail below, the court ordered the jury to deliberate on the second charge. The jury then returned a guilty verdict on the second charge. Baker now challenges the legal validity of the verdict and contends he is entitled to an acquittal. We find no error and affirm.

## BACKGROUND

### Charges

The Tuolumne County District Attorney charged Baker with two crimes: Felony assault (Pen. Code,[1] § 245, subd. (a)(1); Count 1) and felony battery (§ 243, subd. (d); Count 2). The first count included an enhancement for causing great bodily injury (§ 12022.7, subd. (a)).

### Trial Evidence

The facts are largely irrelevant to the issues. Suffice it to say, Baker was involved in a physical altercation in which he inflicted multiple injuries to another man's head.

### Verdict

Baker was found not guilty of Count 1, guilty of the lesser included offense of assault (§ 240), and guilty of Count 2. He was sentenced to serve 10 months in jail and admitted to probation with various terms and conditions.

## DISCUSSION

Baker contends "the verdict should have been recorded" when "[t]he jury informed the court that it found [him] not guilty of [Count 1] and indicated a decision of guilt on the lesser charge of simple assault." According to him, "[t]he only possible disposition of Count 2 at that point was an acquittal." He primarily bases his argument on section 1162, which states, in part, "the court must give judgment of acquittal" where "it can be clearly understood" the jury intends "to find in favor of the defendant …."

---

[1] All statutory references are to the Penal Code.

The People argue "there is no legal basis for finding that the verdict is invalid in Count 2."  We agree.

## A.  Additional Background

Throughout the trial, the prosecutor acknowledged charging Count 1 and Count 2 "in the alternative …."  The court instructed the jury accordingly, as follows: "The defendant is charged in Count 1 with assault with a deadly weapon and in Count 2 with battery causing serious bodily injury.  These are alternative charges."  The explanation concluded, "If you find the defendant guilty of one of these charges, you must find him not guilty of the other.  You cannot find the defendant guilty of both."  Both parties argued the case consistent with this instruction.

In addition to the alternative-charge instruction, the court instructed the jury with simple assault, a lesser included offense to Count 1.  The jury was told it could only reach a verdict on the lesser offense if it first reached a verdict on the "greater crime," i.e., Count 1.  Last, jurors were told "it [was] up to [them] to decide the order in which [they] consider each crime" during their deliberations.

The jury subsequently announced a verdict on Count 1 finding Baker not guilty of assault with a deadly weapon but guilty of simple assault.  At the same time, the jury inquired, "[D]o we … deliberate on the other count?  We're not sure after reading" the instructions.

After soliciting debate from each party, the court ordered the jury to deliberate on Count 2.  The jury complied and returned a full verdict: not guilty on Count 1 but guilty of simple assault; guilty on Count 2.

## B. Analysis

Section 1162 states, in part: "If the jury persist in finding an informal verdict, from which, however, it can be clearly understood that their intention is to find in favor of the defendant upon the issue, it must be entered in the terms in which it is found, and the

3.

Court must give judgment of acquittal."[2]  Contrary to Baker's contention, this did not occur.

Indeed, exactly the opposite occurred.  The jury, far from expressing clarity, expressed confusion.  The jury was unclear whether it should reach a verdict Count 2.  It is irrational to infer the jury here intended to find Baker not guilty on Count 2.[3]

Nor did the jury or court disregard the instructions.  The instructions explained Counts 1 and 2 were "alternative charges" and the jury could not find Baker guilty of both of "these" charges.  The jury did not find Baker guilty of both—it found not guilty of one and guilty of the other.[4]

Finally, and perhaps most important to us in upholding the verdict, assault with a deadly weapon (Count 1) and felony battery (Count 2) are *not* alternative charges.[5] (*People v. Toro* (1989) 47 Cal.3d 966, 971, fn. 3.)  There was no legal impediment to dual convictions in this case.  "In fact, [Baker] could have been convicted under both counts …." (*Ibid.*)  For all these reasons, the verdict will stand.

---

[2] The remainder reads: "But no judgment of conviction can be given unless the jury expressly find against the defendant upon the issue, or judgment is given against him on a special verdict." (§ 1162.)

[3] Baker also contends the court "order[ed]" the jury "to reconsider the verdict of acquittal."  But, as explained, there was no verdict of acquittal on felony battery.

[4] Baker argues "[a] lesser included offense is not a discrete count separate and distinct from the count under which it is subsumed."  He then concludes, in essence, " 'the jury … manifested a definite and final intent to acquit ….' "  We simply disagree with his conclusion.

[5] On appeal, the People briefly observe the manner in which the charges and law were presented to the jury amounted to instructional error.  Baker makes no similar claim but, were we to address it, we cannot envision a scenario under which the asserted instructional error was prejudicial.  It is necessarily harmless because it strictly benefitted Baker by entitling him to at least one acquittal as a matter of law.

## **DISPOSITION**

The judgment is affirmed.

SNAUFFER, J.

WE CONCUR:

FRANSON, ACTING P. J.

PEÑA, J.

5.