Filed 3/12/13  P. v. Case CA2/7

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION SEVEN

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>AARON CASE,<br><br>Defendant and Appellant. | B237666<br><br>(Los Angeles County<br>Super. Ct. No. GA082836) |

APPEAL from a judgment of the Superior Court of Los Angeles County.  Michael D. Carter, Judge.  Affirmed.

Daniel G. Koryn, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Dane R. Gillette, Chief Assistant Attorney General, Lance E. Winters, Senior Assistant Attorney General, Scott A. Taryle and Stacy S. Schwartz, Deputy Attorneys General, for Plaintiff and Respondent.

_____

Aaron Case was convicted of attempted oral copulation with a person under the age of 18 (Pen. Code,[1] § 664/288a, subd. (b)(1)).  On appeal, he contends that this crime was not a lesser included offense of the offense with which he had been charged, and he claims the court violated his constitutional rights to due process and a fair trial by instructing the jury on the lesser offense.  We affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

As the sole issue on appeal relates to whether the jury was properly instructed on lesser included offenses, a full recitation of the facts of this case is unnecessary.  Case was charged with attempted forcible oral copulation with a minor over the age of 14 (§ 664/288a, subd. (c)(2)(C)) arising out of an incident in which he asked 16-year-old S.S. to orally copulate him, then put his hand on her shoulder and pushed her toward his exposed penis while instructing her to suck on it.  The court instructed the jury on this offense and also on lesser included offenses.  The jury convicted Case of the lesser offense of attempted oral copulation with a person under the age of 18.  Case appeals.

## DISCUSSION

Case contends that attempted oral copulation with a person under the age of 18 (§§ 288a, subd. (b)(1), 664) is not a lesser included offense of attempted forcible oral copulation of a minor over the age of 14 years (§§ 288a, subd. (c)(2)(C), 664) and that the court should not have instructed the jury on the lesser offense.  An offense is a lesser included offense of another if the greater offense cannot be committed without also committing the lesser offense.  (*People v. Sanders* (2012) 55 Cal.4th 731, 737.)  This is commonly called the elements test.  (*Ibid.*)

---

[1]      Unless otherwise indicated, all further statutory references are to the Penal Code.

Here, the elements of the lesser offense of attempted oral copulation of a person under the age of 18 are that: (1) he or she attempted to participate in an act of oral copulation with another person; and (2) the other person was under the age of 18 when the act was attempted. (§§ 288a, subd. (b)(1), 664; CALCRIM No. 1082.) The greater offense, attempted forcible oral copulation of a minor over the age of 14, requires that (1) the defendant attempt to commit an act of oral copulation upon a minor who was 14 years old or older; and (2) that the attempted act be accomplished against the victim's will by means of force, violence, duress, menace, or fear of immediate and unlawful bodily injury. (§§ 288a, subd. (c)(2)(C), 664.) If a defendant commits attempted forcible oral copulation of a minor over the age of 14, he or she has necessarily also committed attempted oral copulation of a person under the age of 18. Accordingly, the court properly concluded that attempted oral copulation of a minor was a lesser included offense of attempted forcible oral copulation of a minor over the age of 14. The court was obligated to instruct the jury on this lesser included offense. (*People v. Breverman* (1998) 19 Cal.4th 142, 162 (*Breverman*).)

Neither of the cases on which Case relies to support his argument tend to demonstrate error here. In *In re Alberto S.* (1991) 226 Cal.App.3d 1459, at pages 1464 through 1466, the court ruled that sexual battery is not a lesser included offense of rape and that the defendant had not consented to the trier of fact considering sexual battery as a nonincluded offense. In *People v. Scott* (2000) 83 Cal.App.4th 784, at page 794 (*Scott*), the court held that when the elements test was applied, the nonforcible sexual offenses of which the defendant had been convicted were not lesser included offenses of the forcible sexual offenses with which he had been charged. Because application of the elements test in the present matter leads to the conclusion that the offense of which Case was convicted was a lesser included offense of the charged offense, neither of these cases is apposite.

Case claims that "the statutory elements test is not satisfied because forcible oral copulation does not have an age requirement, while the crime of nonforcible oral copulation with a minor does," but he has misread the statute. It is the forcible offense

3

that has an age requirement: the minor must be 14 years or older. (§ 288a, subd. (c)(2)(C).) The nonforcible offense, oral copulation with a minor, has no age requirement beyond the victim's minority. (§ 288a, subd. (b)(1).) This case presents the opposite scenario of that in *Scott*, *supra*, 83 Cal.App.4th at page 794, in which the court ruled that the nonforcible sex crimes at issue could not be considered lesser included offenses of the forcible offenses because the nonforcible offenses required the victim and perpetrator to be within certain age limits while the forcible sex crimes did not. Neither the statute nor *Scott* supports Case's argument.

Case contends in the alternative that even if the oral copulation with a minor offense was a lesser included offense, the trial court violated his constitutional rights by instructing the jury on this offense after the prosecutor had "expressly agreed" that there were no lesser included offenses prior to the defense resting; he was then "ambushed" by the inclusion of lesser included offenses in the instructions. Case argues that he had relied upon the prosecutor's representation that there were no lesser included offense and that the defense strategy would have been different had he been aware that lesser included offenses would be presented to the jury.

The record does not support Case's allegation that he was ambushed by the existence of lesser included offenses after the close of his case. He was on notice that he could be convicted of lesser included offenses of the charged crime from the very beginning. "An accusatory pleading provides notice of the specific offense charged and also of offenses included within the charged offense [citations]." (*People v. Toro* (1989) 47 Cal.3d 966, 973, disapproved on other grounds in *People v. Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3; see also § 1159.) Moreover, the court raised the question of lesser included offenses at the start of trial: During a break in the testimony of the first witness, the court said, "There would definitely be a lesser of a simple act of oral copulation of a person from a forcible act. Now, when we are talking about an attempt, is there a lesser attempted oral copulation of a person under the age of 18?" The prosecutor said that he had not examined the provisions of the Penal Code to identify the applicable statute, but "the answer to that question is, yes, there has to be an attempted oral copulation of a

4

person under the age of 18 without force." The court advised counsel, "That is something that you need to think about. It's when you get into an attempt of that crime, is there a lesser. It's something we can address. It's just an issue that I want everybody to look at." Not only was Case on notice by virtue of the information and section 1159 that he could be convicted of any applicable lesser included offenses, but the court had raised the question of what the lesser included offenses were and asked counsel to determine the appropriate lesser included offenses long before Case presented his defense, and before the very first witness completed her direct testimony. Case, therefore, was not ambushed by lesser included offenses after he had rested his defense; he had been advised by the court to examine them early on in the proceedings and had the opportunity to shape his defense accordingly.

It is clear that the identification of the appropriate lesser included offenses posed difficulty for the court and the parties, and that at one point in the discussions about jury instructions the court and prosecutor appeared to believe that there were no lesser included offenses. The court asked the prosecutor whether there existed a lesser included offense of "an attempted oral copulation of a person over the age of 14 yet under the age of 18," and said, "I don't know that there is a particular crime." The prosecution inexplicably failed to draw the court's attention to section 288a, subdivision (b)(1), instead responding, "I've looked at it and there isn't one." Ultimately, after the defense had rested and the prosecution had delivered closing argument, the court identified section 288a, subdivision (b)(1) as the appropriate lesser included offense and observed that it was required as a matter of law to instruct the jury on this offense.

Neither the prosecutor's statement nor the confusion about the applicable lesser included offense relieved the court of its sua sponte obligation to instruct the jury on all lesser included offenses supported by the evidence: The court's "duty to instruct applies regardless of the parties' requests or objections," and "it prevents the 'strategy, ignorance, or mistakes' of *either* party from presenting the jury with an 'unwarranted all-or-nothing choice,' encourages 'a verdict . . . no harsher *or more lenient* than the evidence merits' [citation], and thus protects the jury's 'truth-ascertainment

5

function' [citation]." (*Breverman*, *supra*, 19 Cal.4th at p. 155.) The court carried out its responsibilities when, in the absence of assistance from the parties, it independently identified attempted oral copulation with a minor as a lesser included offense here.

Nor did the confusion about lesser included offenses relieve defense counsel of the responsibility of identifying the lesser included offenses, anticipating that the court would instruct the jury on them, and shaping the defense accordingly. Defense counsel should have been aware that the California Supreme Court has held that "[t]he obligation to instruct on lesser included offenses exists even when as a matter of trial tactics a defendant not only fails to request the instruction but expressly objects to its being given. [Citations.] Just as the People have no legitimate interest in obtaining a conviction of a greater offense than that established by the evidence, a defendant has no right to an acquittal when that evidence is sufficient to establish a lesser included offense. [Citations.]" (*Breverman*, *supra*, 19 Cal.4th at p. 154.)

Case contends this case is like *Sheppard v. Rees* (9th Cir. 1989) 909 F.2d 1234 and *U.S. v. Gaskins* (9th Cir. 1988) 849 F.2d 454. In *Sheppard*, the defendant was deprived of due process when the prosecutor ambushed him by requesting felony-murder instructions after the case had been tried on a theory that the killing had been premeditated, willful and deliberate. (*Sheppard*, at pp. 1235-1237.) In *Gaskins*, the trial court added instructions on a new theory of liability based on questions from the jury during deliberations in violation of Rule 30 of the Federal Rule of Criminal Procedure, and the defendant was prejudicially affected. (*Gaskins*, at p. 460.) Here, in contrast, the jury was not instructed on an alternate theory of the crime without warning; instead, he was convicted of a lesser included offense based on the allegations of the accusatory pleading.

**DISPOSITION**

The judgment is affirmed.


ZELON, J.

We concur:


PERLUSS, P. J.


WOODS, J.