Filed 3/28/14  P. v. Hancock CA1/1

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIRST APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　　Plaintiff and Respondent,<br><br>v.<br><br>JOHN LOREN HANCOCK,<br><br>　　　　Defendant and Appellant. | A138292<br><br>(Contra Costa County<br>Super. Ct. No. 5-1202902-2) |

## INTRODUCTION

John Loren Hancock was charged with numerous offenses, including dissuading a witness from testifying under Penal Code[1] section 136.1, subdivision (a).  The jury was instructed regarding dissuading a witness from reporting a crime under section 136.1, subdivision (b), and found defendant guilty of that crime.  He maintains the trial court erred in instructing the jury on subdivision (b), and no substantial evidence supports his conviction.  We affirm.

## PROCEDURAL BACKGROUND

The Contra Costa District Attorney charged defendant with attempted murder (§§ 187, subd. (a), 664, subd. (a)) assault with a deadly weapon (§ 245, subd. (a)(1)), making criminal threats (§ 422) and dissuading a witness from testifying (§ 136.1, subd. (a)(1)).  A deadly or dangerous weapon use enhancement was alleged as to the attempted murder and criminal threat charges, and a great bodily injury enhancement as to the

---

[1] All further statutory references are to the Penal Code.

1

attempted murder and assault with a deadly weapon charges (§ 12022.7, subd. (a)). Additionally, the amended information alleged the assault with a deadly weapon charge was a serious felony (§§ 969f, 1192.7, subd. (c)) and further alleged a prior strike (§§ 667, 1170.12), a prior felony conviction (§ 667, subd. (a)(1)) and that defendant was ineligible for probation (§ 1203, subd. (e)(4)).

The jury could not reach a verdict on the attempted murder charge, but found defendant guilty of the remaining charges. The court found true the prior strike conviction and the prior serious felony enhancement allegations, and sentenced defendant to a total of 17 years four months in state prison.

### FACTUAL BACKGROUND

We set forth only those facts necessary for a discussion of the issues on appeal. Defendant shared an apartment with Norman Anderson. On the night of the incident, Anderson had been drinking and was in his room. Defendant entered Anderson's room and said he was missing some DVDs. Anderson told him the DVDs in his room were all his, but if it was "that important to him, that he could take all the DVDs." Defendant "was getting worked up," but he left the room.

Anderson turned out the light, closed his door and went to sleep. Around 4:30 a.m., he was awakened by the phone ringing. About that time, his "door flew open," and he felt something hitting his head. Anderson realized defendant "wasn't just punching" him. He asked, " 'what are you hitting me with? What's wrong? ' " Defendant responded " 'A hammer.' " Defendant said "it was bullshit" that Anderson had "stolen" his DVDs, and he was going to kill him.

At some point, defendant "ran out of energy" and stopped hitting Anderson. Anderson was bleeding "a lot" and went into his room because defendant told him to. Defendant "came into the room and said he would call emergency if [Anderson] would go along with the story that [he] fell down the stairs." Defendant cleaned up as much of the blood as he could. He "made sure that [Anderson] understood what the stipulations were that, for him to call emergency, which was, to tell emergency that [he] had fallen

2

down the stairs. [He] was drunk, and [he] had fallen down the stairs and hit [his] head." Anderson complied because he was afraid for his life.

A firefighter arrived at the house, and noticed blood on the floor in two of the rooms in the apartment. Anderson was taken to the hospital, where he told the doctor he fell down the stairs. Anderson was bleeding externally, had multiple wounds to his head, bruising below his right eye, and a CT scan showed bleeding between his brain and skull.

After the doctor explained it was important to Anderson's treatment that he know what happened to him, Anderson said he had been assaulted while in bed. He told the doctor he was concerned about reporting the incident because " he has to continue living there.' " Anderson also told a police officer at the hospital his roommate hit him on the head with a hammer. He did not want to give the roommate's name because he was afraid.

### DISCUSSION

Defendant frames the issues as ones of instructional error and substantial evidence. He claims the court erred in instructing the jury on dissuading a witness from reporting a crime (§ 136.1, subd. (b)) because he was charged with dissuading a witness from testifying (§ 136.1, subd. (a)). He also asserts no substantial evidence supported his conviction of the charged crime of dissuading a witness from testifying.

"Notice to an accused of the charges against him is required by due process, . . . 'in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' [Citation.] The general rule, however, is that a claim of unfair surprise at trial may not be raised for the first time after verdict: '. . . where a situation arises which might constitute legal surprise, counsel cannot speculate on a favorable verdict. He must act at the earliest possible moment for the "right to a new trial on the ground of surprise is waived if, when the surprise is discovered, it is not made known to the court, and no motion is made for a mistrial or continuance of the cause." [Citations.]' [Citation.] We have indicated that this rule applies generally in criminal cases. [Citation.] [¶] In accordance with these principles, it has been uniformly held that where an information is amended at trial to charge an

3

additional offense, and the defendant neither objects nor moves for a continuance, an objection based on lack of notice may not be raised on appeal. [Citations.] *There is no difference in principle between adding a new offense at trial by amending the information and adding the same charge by verdict forms and jury instructions. . . .* The risk of unfair surprise to the defendant is the same in either case, as is the potential benefit to the defendant of affording the jury a wider range of verdict options. To prevent speculation on a favorable verdict, a reasonable and fair rule in both situations is that *a failure to promptly object will be regarded as a consent to the new charge and a waiver of any objection based on lack of notice.*" (*People v. Toro* (1989) 47 Cal.3d 966, 975–976, fn. omitted, italics added (*Toro*), disapproved on another ground in *People v. Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3.)

Defendant concedes the evidence showed he "had the specific intent to prevent Anderson from making a report of the incident to the police or to have appellant arrested" under subdivision (b). And, there is no dispute the jury was properly instructed on the elements of dissuading a witness from reporting a crime. The issue, therefore, is whether defendant was put on notice of the charge of dissuading a witness from reporting a crime under section 136.1, subdivision (b), and failed to object.[2] As the court in *Toro* explained, jury instructions can put defendant on notice of a charge in the same way amending the information does. (*Toro*, *supra*, 47 Cal.3d at pp. 975–976.) Defendant made no objection to the subdivision (b) jury instruction, and indicated he was

---

[2] *People v. Hallock* (1989) 208 Cal.App.3d 595, on which defendant relies, is inapposite. Defendant there was charged with violating section 136.1, subdivision (b), but the jury was instructed on subdivision (a). There was not, however, sufficient evidence to support a conviction under subdivision (a). But there was sufficient evidence to convict the defendant under subdivision (b). (*People v. Hallock*, at p. 607.) The Court of Appeal reversed on the ground of instructional error, permitting the defendant to be retried on the subdivision (b) charge. (*People v. Hallock*, at pp. 607–608.) In addition, the trial court made other instructional errors, which compounded the problem arising from the erroneous instruction on witness intimidation. (*Id.* at pp. 609–610.) Here, in contrast, there was sufficient evidence to support giving the subdivision (b) instructions and, in turn, his conviction under that subdivision.

"satisfied," thus waiving any objection and "consent[ing] to the new charge."[3] (*Toro*, at p. 976.)

## DISPOSITION

The superior court is ordered to correct the abstract of judgment to indicate defendant was convicted of Penal Code section 136.1, subdivision (b), rather than section 136, subdivision (a)(1), and forward a copy of the amended abstract of judgment to the Department of Corrections. In all other respects, the judgment is affirmed.

_____
Banke, J.

We concur:

_____
Margulies, Acting P. J.

_____
Becton, J.[*]

---

[3] We note a clerical error in the abstract of judgment, which indicates defendant was convicted of dissuading a witness under section 136, subdivision (a)(1). (CT 405) We thus order the abstract of judgment to be corrected.

[*] Judge of the Contra Costa County Superior Court, assigned by the Chief Justice pursuant to article VI, section 6 of the California Constitution.

5