Filed 11/23/20  P. v. Gomez CA2/5

## NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION FIVE

| | |
|---|---|
| THE PEOPLE, | B300407 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. BA450819) |
| v. | |
| MAXSIMILIANO GOMEZ, | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, James R. Dabney, Judge.  Affirmed in part, reversed in part, and remanded with instructions.

John F. Schuck, under appointment by the Court of Appeal, for Defendant and Appellant.

Xavier Becerra, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Susan Sullivan Pithey, Senior Assistant Attorney General, Marc A. Kohm and David A. Voet, Deputy Attorneys General, for Plaintiff and Respondent.

Defendant and appellant Maxsimiliano Gomez was convicted, by jury, of shooting a firearm in a grossly negligent manner, in violation of Penal Code section 246.3, subdivision (a), and by no contest plea of possession of a firearm with a prior violent conviction.[1]  Defendant's sentence was enhanced by five years for a prior serious felony conviction.  (§ 667, subd. (a).)  On appeal, defendant contends:  (1) there was insufficient evidence he was the shooter; (2) the prior serious felony enhancement must be reversed because, even with a jury waiver, no court trial was ever held; and (3) the prior serious felony enhancement does not apply because his current felony conviction was not proven to be serious.  We remand for a trial on the prior serious felony enhancement and otherwise affirm.

### FACTUAL AND PROCEDURAL BACKGROUND

1.  *The Shootings*

Defendant was prosecuted for two shootings outside a party.  The facts, as revealed at trial, were relatively simple.

On the evening of July 16, 2016, people gathered outside a house for a teen's birthday party.  There was a quarrel that involved defendant, and the man acting as security for the party forced defendant to leave.  As he was being kicked out of the party, defendant said he would come back.  Defendant left in a white Chevrolet truck.  Surveillance video confirms this; defendant arrived at the party at 11:37 p.m. and returned to his truck at 11:52.[2]

---

[1]     All undesignated statutory references are to the Penal Code.

[2]     Neither party requested the exhibits be transmitted to this court for our review.  We therefore refer to the detective's narration of the events while playing the video clips at trial.

2

Defendant drove off, but returned in a few minutes. When he came back, he exited his truck, racked his gun, and fired multiple times in the air. Defendant subsequently admitted to police that he fired one shot in the air outside the party. No charges related to this first shooting are at issue in this appeal.

The relevant shooting is the second one. After shooting in the air, defendant got back into the truck. Another man entered the passenger side of the vehicle, and defendant drove off. Within minutes, defendant's truck returned. While driving past the partygoers on the sidewalk, defendant shot twice out of the driver's side window of the truck. Although no witness specifically identified the shooter, the surveillance video indicated only a short time had elapsed between when defendant drove off after the first shooting and when the muzzle flashes came from the driver's side window of the same vehicle in the second shooting.

## 2.    *The Charges*

Defendant was charged by amended information with: **Count 2** – attempted premeditated murder of a John Doe for firing into a crowd (§§ 664/187); **Count 4** – shooting from a motor vehicle (§ 26100, subd. (c)); **Count 5** – possession of a firearm with a prior violent conviction (§ 29900, subd. (a)(1)); and **Count 6** – assault with a firearm (§ 245, subd. (a)(2)). Defendant had suffered a prior conviction for second degree robbery. (§ 212.5, subd. (c).) In the information, the robbery prior was alleged three times: (1) the prior violent offense for the possession of a firearm charge; (2) a prior strike within the meaning of the three strikes law (§ 667, subds. (b)-(i)) with respect to all counts; and (3) a prior serious felony within the meaning of section 667, subdivision (a) ("667(a)"), with respect to all but the possession of a weapon offense. Various firearm enhancements were also alleged.

3

**3.**   ***Defendant's Partial Plea***

Defendant pleaded no contest to count 5, possession of a firearm with a prior violent conviction.  He specifically admitted the allegation that his prior conviction was for second degree robbery.  In the course of the plea, the court advised defendant that he was, in effect, admitting a strike prior; defendant stated he understood.  No mention was made, at this point, that the prior would also constitute a serious felony under section 667(a).

**4.**   ***Partial Acquittal and Jury Instructions***

The case proceeded to a jury trial on the remaining counts.  At the close of evidence, the court granted defendant's motion for acquittal on the attempted murder count (count 2).

As to the count of shooting from a motor vehicle, the court instructed on the lesser included offense of shooting a firearm in a grossly negligent manner.[3]  The court was very clear that this crime could only be considered as lesser to the offense of shooting from a vehicle, and related only to the second shooting, not the first.  The jury submitted a question:  "Does the lesser offense of shooting a firearm in a grossly negligent manner require the defendant to shoot from a vehicle?"  The court responded, "No.  But this relates only to count four [which charged shooting from a vehicle] which involves the shots where the muzzle flashes are observed."

The jury was also instructed on personal use of a firearm.  As relevant to this appeal, the jury was specifically asked to determine whether defendant had personally used a firearm in connection with the lesser offense of shooting a firearm in a grossly negligent manner.

---

[3]   At trial, defendant objected to the instruction, questioning whether the offense was truly lesser included.  He does not pursue this argument on appeal.

4

**5.** *Verdicts*

The jury found defendant not guilty of shooting from a vehicle (count 4), but guilty of the lesser included offense of willfully discharging a firearm in a grossly negligent manner. The jury found true the allegation that this was a serious felony because defendant personally used a firearm. Defendant was found not guilty of assault with a firearm (count 6). Between his partial plea and the jury verdict, defendant was convicted of possession of a firearm with a prior violent conviction and willfully discharging a firearm in a grossly negligent manner as a serious felony.

**6.** *Defendant Waives Jury on Priors*

After the verdicts, the court, outside the presence of the jury, asked if defendant wanted to waive jury or admit the priors. Defense counsel stated twice that defendant wanted to waive. The court stated, "Mr. Gomez, you have the right to have a jury determine the truth of the priors alleged in this case. Do you waive that right with the understanding that the Court alone will make that determination? I still have to be convinced based upon whatever documentary evidence is presented as to whether the priors are true or not." Defendant waived, and the prosecutor joined. The jurors returned to the courtroom and were excused.

The court then indicated it would set a date "for any post[]trial motions, probation and sentencing." The following colloquy occurred:

"[The Prosecutor]: Your Honor, we're not going to have a prior[s] trial[]; correct?

"[Defense Counsel]: I'm going to stipulate.

"[The Prosecutor]: He already admitted when he was pleading.

"[The Court]: He already admitted, correct. I don't know if you want to do that now or do you want to wait."

5

Defense counsel wanted to speak to the departing jurors, so no further proceedings were held at that point.

**7.     *Sentencing Hearing***

At the next hearing, the court asked, "What's happening?" The prosecutor responded, "Your Honor, today is sentencing.  He previously admitted to two strike priors – a strike prior.  And he pled to possession of a gun charge.  And he was convicted of negligent discharge with a personal allegation as true."  The court asked defense counsel if he was ready to proceed.  Counsel responded by asking the court to exercise its discretion to stay the prior serious felony enhancement.  Neither the court nor either party noticed that the court trial on this prior serious felony enhancement had not been held.  Nor did defendant stipulate to the prior.

Defendant was sentenced to 11 years in prison, calculated as the upper term of 3 years for willful discharge of a firearm in a grossly negligent manner, doubled for the strike, plus 5 years for the prior serious felony enhancement.  A 6-year term for possession of a firearm with a prior violent offense (3 years, doubled for the strike) was stayed under section 654.

Defendant filed a timely notice of appeal.

### *DISCUSSION*

On appeal, defendant makes three arguments:  (1) there is insufficient evidence that he was the shooter in the second shooting; (2) the court trial on his prior serious felony was never held and he did not otherwise admit the prior; and (3) his current conviction was not proven to be a serious felony, so the five-year prior must be stricken.

**1.     *Sufficient Evidence Supports the Jury's Verdict that Defendant was the Shooter***

Defendant argues there is insufficient evidence that he was the shooter in the second shooting; he suggests the possibility

that he switched places with his passenger when the vehicle was out of view of the security cameras, so the other man was the actual shooter.[4]  He relies on evidence that a passenger was seen getting into the truck following the first shooting.[5]

"'In reviewing a claim for sufficiency of the evidence, we must determine whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime or special circumstance beyond a reasonable doubt.  We review the entire record in the light most favorable to the judgment below to determine whether it discloses sufficient evidence—that is, evidence that is reasonable, credible, and of solid value— supporting the decision, and not whether the evidence proves guilt beyond a reasonable doubt.  [Citation.]  We neither reweigh the evidence nor reevaluate the credibility of witnesses.  [Citation.]  We presume in support of the judgment the existence of every fact the jury reasonably could deduce from the evidence.  [Citation.]  If the circumstances reasonably justify the findings made by the trier of fact, reversal of the judgment is not warranted simply because the circumstances might also reasonably be reconciled with a contrary finding.'  [Citation.] 'Apropos the question of identity, to entitle a reviewing court to set aside a jury's finding of guilt the evidence of identity must be so weak as to constitute practically no evidence at all.'

---

[4]     The jury was not instructed on aiding and abetting.

[5]     Defendant also argues that police recovered two bullet casings of different calibers which could not have been fired from the same gun.  Testimony on whether a second person fired shots from or near the truck was inconsistent.  One of the partygoers told police that, in the chaos when defendant was shooting, "I guess some people were shooting back."

7

[Citations.]" (*People v. Mohamed* (2011) 201 Cal.App.4th 515, 521.)

This much is undisputed: the truck belonged to defendant's girlfriend; she let him drive it. Defendant came to the party and was thrown out less than 20 minutes after he arrived. He threatened to return. Minutes later he stood outside the party with a gun and fired in the air. He got back into the driver's side of the truck and drove off. Very shortly thereafter, the same vehicle returned to the same party and the driver fired shots at the partygoers before speeding off. The jury reasonably found from these facts that defendant was the shooter.

We also observe that a careful examination of the evidence shows that defendant's alternative scenario, of defendant and his passenger switching positions, is improbable at best, and certainly one the jury could have reasonably rejected. When defendant stood by his truck and shot at the party, the truck was facing east. The video confirms that another male was standing near the driver's side and circled around to enter the vehicle on the passenger side. The first surveillance video indicates the truck drove off at 11:57 and 10 seconds. The truck is then seen coming back on video, this time facing west, at 11:57 and 45 seconds. The second video confirms that shots were fired from the driver's side on this pass by the house. In short, the truck was out of frame for 35 seconds. During that time, the vehicle had to turn around. Defendant's briefs on appeal posit that he stopped the vehicle and the two men switched places, in addition to turning the vehicle, all during that half a minute. There was no evidence to support this theory, and no jury could reasonably infer those facts.[6]

---

[6] Defendant superficially suggests that "[f]or all the evidence shows, it was the passenger that shot out of the window and

8

## 2. *The Prior Serious Felony Enhancement*

Section 667(a)(1) provides, in pertinent part: "Any person convicted of a serious felony who previously has been convicted of a serious felony in this state . . . shall receive, in addition to the sentence imposed by the court for the present offense, a five-year enhancement for each such prior conviction on charges brought and tried separately." Defendant challenges both parts of this statute – that is, he questions the proof that he was previously convicted of a serious felony and that his current conviction was for a serious felony.

### A. *The Prior Conviction was Not Proven to be a Serious Felony For Count 5*

At trial, the parties agreed that there would be a court trial on defendant's prior felony convictions, and defense counsel indicated that he was prepared to stipulate to the truth of the allegation. However, as the Attorney General concedes, "the court and parties moved to sentencing without having a proceeding where counsel stipulated during a court trial on the prior conviction allegations." The Attorney General nonetheless argues that remand for a court trial is "unwarranted" as the court would have "inevitably" found the prior conviction true. The Attorney General cites no law for the proposition that the failure to hold a trial can be considered harmless under any circumstance, and independent research discloses none.[7]

---

whose gun made the muzzle shots seen on the video." This, too, is speculative.

[7] The prosecution cites only *People v. Saunders* (1993) 5 Cal.4th 580, 589–590, which held that a defendant can forfeit the statutory right to have the same jury that resolved guilt try the issue of prior conviction allegations, by failing to object to the discharge of the jury before a bifurcated trial was held. We fail to see the relevance. The defendant in *Saunders* ultimately had a

The Attorney General points out that, in the course of his plea to possession of a firearm with a prior violent conviction, defendant admitted the robbery prior. Since robbery is a serious felony (§ 1192.7, subd. (c)(19)), the prosecution suggests the truth of the prior has been effectively admitted. But our Supreme Court has explained that when a defendant is admitting the truth of a prior conviction allegation that subjects him to increased punishment, the defendant must be "advised of 'the full penal effect of a finding of the truth of an allegation of prior convictions.' [Citation.] We held 'as a judicially declared rule of criminal procedure' that an accused, before admitting a prior conviction allegation, must be advised of the precise increase in the prison term that might be imposed, the effect on parole eligibility, and the possibility of being adjudged a habitual criminal. [Citation.]" (*People v. Cross* (2015) 61 Cal.4th 164, 170–171.) Here, when defendant pled no contest to possession of a firearm with a prior violent conviction, he was advised that admitting the prior violent conviction constituted the admission of a strike, and he admitted the prior with that understanding. But he was not advised that admitting the prior in that context also meant that he was admitting it for the purposes of section 667(a), and that he would therefore be eligible for an additional five years in prison if he was eventually convicted of a serious felony at trial. In the absence of such advisement, we cannot find that defendant knowingly admitted the prior serious felony.

---

jury trial on the priors; the court simply rejected his argument that he could complain about the violation of his statutory right to have the priors tried before the same jury that convicted him of the current offense in the absence of a timely objection to the discharge of that jury.

We remand to allow the prosecution to decide if it elects to re-try the prior serious felony allegation.[8] (See *People v. Barragan* (2004) 32 Cal.4th 236, 241, 244–245 [retrial of a enhancement allegation is permissible and does not violate state or federal due process or double jeopardy].)

## B. *The Lesser Included Offense was Proven a Serious Felony*

Defendant was found not guilty of shooting from a vehicle in count 5 but was convicted of the lesser included willful discharge of a firearm in a grossly negligent manner. This lesser offense is not necessarily a serious felony for purposes of the section 667(a) enhancement, but it can be if the defendant personally used a firearm. (§ 1192.7, subd. (c)(8); *People v. Bautista* (2005) 125 Cal.App.4th 646, 654–655.) Here, the jury specifically found true "that the offense is a serious felony in that the defendant personally used a firearm during the commission of the offense within the meaning of [P]enal [C]ode section 1192.7[, subdivision.] (c)(8)." It was therefore proven to be a serious felony.

Defendant, apparently overlooking this jury finding, argued in his supplemental opening brief on appeal that the jury made no finding that he personally used a firearm. In the course of that argument, he stated, "Here the issue of personal use was never charged as to counts 4 and 5 nor was the issue ever submitted to the jury." The latter point is plainly wrong. As for the passing reference to the personal use allegation not having

---

[8]     The prosecution argues that if we do not find the error harmless, we should reverse for the agreed-upon court trial. Although defendant offers an additional reason for the inapplicability of the prior serious felony enhancement, to which we next turn, he does not respond to the Attorney General's argument that further proceedings are the appropriate remedy.

been alleged, defendant cites neither to the record nor to any legal authority on the point. For example, he does not address the rule that allows informal amendments if there is no prejudice to the defendant. (See *People v. Anderson* (2020) 9 Cal.5th 946, 958; *People v. Toro* (1989) 47 Cal.3d 966, 976, disapproved on another point by *People v. Guiuan* (1998) 18 Cal.4th 558, 568, fn. 3.)[9]

We may treat as waived any contention not supported by legal argument and citation of authority. (*People v. Jacobs* (2013) 220 Cal.App.4th 67, 77.) To the extent defendant can be said to have raised the point in his reply brief, a point raised for the first time in reply is deemed waived in the absence of good cause. (*People v. Clayburg* (2013) 211 Cal.App.4th 86, 93.) There is no good cause here.

### *DISPOSITION*

The five-year prior serious felony sentence enhancement is reversed and the matter remanded for the District Attorney to decide whether to proceed with a bench trial on the prior serious felony. In all other respects, the judgment is affirmed.


RUBIN, P. J.

WE CONCUR:


MOOR, J.                    KIM, J.

---

[9]     Here an informal amendment alleging the lesser as a serious felony due to personal use of a firearm (§ 1192.7, subd. (c)(8)) would not have enhanced the risk of a greater sentence to defendant. The charged offense was already alleged to be a serious felony, albeit under a different subdivision (§ 1192.7, subd. (c)(36)).

12