Filed 8/31/16

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

|  |  |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　　v.<br><br>BRAYAN OCHOA,<br><br>　　　Defendant and Appellant. | B264450<br><br>(Los Angeles County<br>Super. Ct. No. BA413280) |

　　　　APPEAL from the judgment of the Superior Court of Los Angeles County, Craig Richman, Judge.  Reversed in part.

———

　　　　Marta I. Stanton, under appointment by the Court of Appeal, for Defendant and Appellant.

　　　　Kamala D. Harris, Attorney General, Gerald A. Engler, Chief Assistant Attorney General, Lance E. Winters, Assistant Attorney General, Shawn McGahey Webb, and Nima Razfar, Deputy Attorneys General, for Plaintiff and Respondent.

———

A jury found appellant Brayan Ochoa guilty of premeditated and deliberate attempted murder (count 1) and attempted extortion (count 2). Appellant argues that the evidence was insufficient to establish that he committed attempted extortion against the only victim identified in the information, and, in the alternative, that under Penal Code section 654,[1] the court erred in imposing consecutive sentences on the attempted extortion and attempted murder convictions. We reverse the judgment of conviction on count 2 and affirm the judgment in all other respects.

## FACTUAL AND PROCEDURAL BACKGROUND

In the summer of 2013, Mendeleyevic Martinez Santiago and Gabino Martinez worked at a food truck parked on a street in Hollywood. Santiago worked inside the truck while Martinez worked outside the truck, operating a grill and broiler.

At around 3:00 a.m. on July 6, 2013, while Santiago helped customers, appellant and a companion approached the food truck and knocked on the back door. When Santiago opened a small window in the door, appellant told Santiago that the food truck "belonged" to the Mara Salvatrucha street gang and that he was there to collect the "rent" from the truck owed to the gang.[2] Santiago informed appellant that he did not know anything about the "rent," and told him to come back the next day to speak to the owner. Appellant responded that he would have "to collect" the money "his way" and then he walked away.

At the time appellant approached the truck, Martinez stood outside cleaning the broiler. From a distance of about 15 feet, Martinez saw appellant talk to Santiago, but he did not hear their conversation, nor did he know what they discussed. Martinez observed appellant walk away from the truck.[3] Neither Martinez nor Santiago saw appellant with a weapon at that time.

---

[1] All statutory references are to the Penal Code unless otherwise indicated.

[2] "Rent" is a protection fee that gangs collect from businesses that operate in the gang's territory.

[3] Martinez testified that about a month earlier appellant approached him while he was working at the grill outside the food truck. Appellant told Martinez that he had come

2

Approximately five minutes after appellant's conversation with Santiago, he returned to the food truck. Martinez had his back turned and did not see appellant approach. Appellant tapped him on the shoulder. When Martinez turned around, appellant pointed a gun at him and, without speaking a word to Martinez, shot him in the face. Appellant fled on foot.[4] Martinez survived and later identified appellant as his assailant.

An information charged appellant with attempted premeditated murder (§§ 664, 187, subd. (a)) of Martinez (count 1) and attempted extortion (§§ 664, 524) of Martinez (count 2). The information further alleged firearm, gang, and great bodily injury enhancements for both counts. During the trial at the end of the prosecution's case, appellant moved the court to dismiss the charges based on insufficient evidence. The court denied the motion. The jury convicted appellant of both counts and found the special allegations to be true. The trial court sentenced appellant to a total prison term of 52 years to life, consisting of an indeterminate term of 40 years to life (count 1) and a consecutive determinate term of 12 years (count 2).[5]

Appellant filed a timely appeal.

---

to "collect the rent." Because Martinez did not understand what appellant was talking about, he told appellant to speak to the cashier in the truck. Then, when appellant approached the truck, Santiago told appellant to return the next day to talk to the owner.

[4] Another employee of the food truck, Rigoberto Martinez, was cleaning the eating area outside the truck when the shooting occurred. To distinguish him from Gabino Martinez, we refer to Rigoberto Martinez by his first name, intending no disrespect. Rigoberto saw appellant speak to Santiago at the door of the food truck, but Rigoberto was too far from the truck to overhear the conversation. Rigoberto also witnessed appellant approach Martinez from behind, attract his attention and shoot him in the face.

[5] The court imposed life with a minimum parole eligibility term of 15 years pursuant to the gang enhancement (§ 186.22, subd. (b)(5)), plus 25 years to life for the firearm enhancement (§ 12022.53, subd. (d)) on count 1, and a consecutive determinate term consisting of the two-year middle term, plus a 10-year term for the gang enhancement on count 2. The court stayed sentences for the remaining enhancements.

3

## DISCUSSION

*Sufficient Evidence Does Not Support Appellant's Conviction Of Attempted Extortion from Martinez.*

Appellant contends that the evidence does not show he tried to extort any property or money from Martinez, the only victim identified in count 2 of the information. We agree. "In reviewing a sufficiency of evidence claim, the reviewing court's role is a limited one. ' "The proper test for determining a claim of insufficiency of evidence in a criminal case is whether, on the entire record, a rational trier of fact could find the defendant guilty beyond a reasonable doubt. [Citations.] On appeal, we must view the evidence in the light most favorable to the People and must presume in support of the judgment the existence of every fact the trier could reasonably deduce from the evidence." ' " (*People v. Smith* (2005) 37 Cal.4th 733, 738-739.)

"Extortion is the obtaining of property from another, with his consent. . . , induced by a wrongful use of force or fear." (§ 518.) Section 524 provides that attempted extortion is committed when a person attempts "by means of any threat . . . to extort money or other property from another." "Fear, such as will constitute extortion, may be induced by a threat . . . [¶] . . . [t]o do an unlawful injury to the person or property of the individual threatened." (§ 519; *id*. subd. (1).) "The elements of the crime of attempted extortion are (1) a specific intent to commit extortion and (2) a direct ineffectual act done towards its commission." (*People v. Sales* (2004) 116 Cal.App.4th 741, 749.) By definition, therefore, if there is no attempt to compel the victim to consent to give up money or property, there can be no attempted extortion.

Here, there was no evidence that appellant specifically intended to extort anything from Martinez. Appellant approached Martinez from behind, tapped him on the shoulder, and when Martinez turned around, appellant shot him in the face. No words were exchanged between the men before the shooting, and there is no evidence that Martinez was aware of the demand for rent or the implied threat appellant made to Santiago. The fact that appellant carried out his threat to Santiago by shooting Martinez does not make *Martinez* the victim of *attempted extortion*—it makes Martinez the victim

4

of the crime appellant committed in carrying out the threat—the attempted murder alleged in count 1. Likewise, that appellant had approached Martinez at the food truck the month before, stating that he had come to "collect the rent," does not support the attempted extortion charge. Martinez did not understand what appellant was seeking, and appellant did not threaten Martinez at that time. Thus, there was no evidence presented at trial from which the jury could find that appellant attempted to extort money or property from Martinez.

The Attorney General asserts that sufficient evidence supports the attempted extortion conviction based on the theory that the food truck business was the victim of the extortion and that appellant intended to extort money from the "business via its employees, i.e., Santiago and [Martinez]." The information, however, did not identify the business (nor its owner) as a victim of attempted extortion. Instead, the information identified Martinez as the *only* victim. And because the information misidentified the victim of the attempted extortion, it failed to provide appellant with legally sufficient notice of the charge against him. " 'No principle of procedural due process is more clearly established than that notice of the specific charge, and a chance to be heard in a trial of the issues raised by that charge, if desired, are among the constitutional rights of every accused in a criminal proceeding in all courts, state or federal.' " (*People v. Thomas* (1987) 43 Cal.3d 818, 823.) "[T]he role of the accusatory pleading is to provide notice to the defendant of the charges that he or she can anticipate being proved at trial. 'When an accusatory pleading alleges a particular offense, it thereby demonstrates the prosecution's intent to prove all the elements.' " (*People v. Anderson* (2006) 141 Cal.App.4th 430, 445.) Moreover, " '[i]t is fundamental that "[w]hen a defendant pleads not guilty, the court lacks jurisdiction to convict him of an offense that is neither charged nor necessarily included in the alleged crime. [Citations.] This reasoning rests upon a constitutional basis: 'Due process of law requires that an accused be advised of the charges against him in order that he may have a reasonable opportunity to prepare and present his defense and not be taken by surprise by evidence offered at his trial.' " ' " (*People v. Parks* (2004) 118 Cal.App.4th 1, 5-6.)

Here, if the prosecutor intended to proceed on the theory that the food truck business was the target of the extortion, then the prosecutor should have amended the information during the trial to allege that appellant had attempted to extort from the owner of the business. "The court in which an action is pending may order or permit an amendment of an indictment, accusation or information, or the filing of an amended complaint, for any defect or insufficiency, at any stage of the proceedings." (See § 1009; *People v. Graff* (2009) 170 Cal.App.4th 345, 361 [amendment to the information can occur "at any stage of the proceeding, up to and including the close of trial"].) During the trial, the parties discussed the sufficiency of the evidence supporting the charges and enhancements in connection with appellant's motion to dismiss and thus the prosecutor was aware of the deficiency of the charges during the trial. The prosecutor, nonetheless, failed to amend the information. And this court has no authority to order the amendment of the information on appeal. (*People v. Hamernik* (2016) 1 Cal.App.5th 412, 425.) Reversal of the judgment of conviction on count 2 is required.[6]

---

[6] Appellant also argues that his consecutive sentences violated section 654's prohibition against multiple punishments for the same act or omission. Because we reverse appellant's conviction on count 2, we need not address his challenge to his consecutive sentences.

## DISPOSITION

The judgment of conviction on count 2, attempted extortion, is reversed.  In all other respects, the judgment is affirmed.  The trial court shall amend the abstract of judgment accordingly, and forward the amended abstract to the California Department of Corrections and Rehabilitation.

CERTIFIED FOR PUBLICATION.


                                                        ROTHSCHILD, P. J.

We concur:



        CHANEY, J.



        LUI, J.

7