Filed 2/10/25  P. v. Espinoza CA4/2

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

# IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FOURTH APPELLATE DISTRICT

## DIVISION TWO

|  |  |
|---|---|
| THE PEOPLE,<br><br>    Plaintiff and Respondent,<br><br>v.<br><br>JORGE ESPINOZA,<br><br>    Defendant and Appellant. | E082895<br><br>(Super.Ct.No. FVI802609)<br><br>OPINION |

APPEAL from the Superior Court of San Bernardino County.  Miriam Ivy Morton, Judge.  Affirmed.

James M. Crawford, under appointment by the Court of Appeal, for Defendant and Appellant.

Rob Bonta, Attorney General, Lance E. Winters, Chief Assistant Attorney General, Charles C. Ragland, Assistant Attorney General, Collette C. Cavalier and Lynne G. McGinnis, Deputy Attorneys General, for Plaintiff and Respondent.

1

## I. INTRODUCTION

In 2010, defendant Jorge Espinoza pled guilty to voluntary manslaughter (Pen. Code,[1] § 192, subd. (a)) while facing a murder charge. He appeals from an order denying a petition to vacate his voluntary manslaughter conviction and resentence him under section 1172.6,[2] arguing that the trial court erred by denying his petition without setting an order to show cause.

On appeal, the parties do not contest that the provocative act theory of murder was the only viable theory upon which defendant could have been convicted of murder. The theory applies "[w]hen someone other than the defendant or an accomplice kills during the commission or attempted commission of a crime." (*People v. Gonzalez* (2012) 54 Cal.4th 643, 654-655 (*Gonzalez*).) Under this theory, "when the perpetrator of a crime maliciously commits an act that is likely to result in death, and the victim kills in reasonable response to that act, the perpetrator is guilty of murder. [Citations.] 'In such a case, the killing is attributable, not merely to the commission of a felony, but to the intentional act of the defendant or his accomplice committed with conscious disregard for life.'" (*Ibid.*)

---

[1] Undesignated statutory references are to the Penal Code.

[2] Defendant's petition was originally filed pursuant to former section 1170.95, which the Legislature subsequently renumbered as section 1172.6 without substantive change. (Stats. 2022, ch. 58, § 10.) For clarity and consistency, we will refer to the statute using its present designation.

Defendant concedes that, as the law stands today, a conviction under the provocative act theory of murder is categorically ineligible for relief under section 1172.6 because the statute only applies to "[a] person convicted of felony murder or murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime." (§ 1172.6, subd. (a).) On appeal, he asserts only that he may be entitled to relief because the law was unsettled at the time of his conviction in 2010 and, as a result, he could have been convicted under the provocative act theory based solely on his participation in a crime. We disagree and affirm the order.

## II. BACKGROUND

In June 2009, the People filed an information charging defendant with murder (count 1; § 187, subd. (a)); robbery (count 2; §§ 211, 213); first degree burglary (count 3; § 459); assault with a firearm (counts 4, 5, 6; § 245, subd. (a)(2)); and active participation in a criminal street gang (count 7; § 186.22, subd. (a)). The information also included special allegations that defendant committed the offenses for the benefit of a criminal street gang (§ 186.22, subd. (b)(1)(C)); that a principal was armed with a firearm during the commission of the offenses (§ 12022, subd. (a)); and that a principal personally discharged a firearm during the commission of some of the offenses (§ 12022.53, subds. (b) & (e)(1)).

3

In August 2010, defendant agreed to plead guilty to voluntary manslaughter (§ 192, subd. (a)) in exchange for dismissal of the charges originally alleged in the information and a negotiated sentence of 21 years in state prison. The trial court accepted the plea and sentenced defendant to the agreed upon term. The written plea agreement contains no information pertaining to the factual basis of defendant's plea, and the record does not contain a transcript of a plea hearing.

In February 2022, defendant filed a petition for resentencing pursuant to section 1172.6. The petition was accompanied by a declaration generally stating that an information was filed against defendant that permitted the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine, or another theory of murder in which malice was imputed solely based on his participation in a crime; that defendant pled guilty to manslaughter because he believed he could have been convicted under one of those theories of murder; and that defendant could not now be convicted of murder in light of changes made to the Penal Code.

The People filed opposition, arguing that defendant was categorically ineligible for resentencing because the record of conviction established that the only viable theory of murder alleged against defendant was the provocative act theory, which is not a theory of murder listed in the resentencing provisions of section 1172.6. In support of its position, the People requested the trial court take judicial notice of the transcript of

4

defendant's preliminary hearing.  According to the preliminary hearing transcript,[3] the prosecutor informed the trial court at the outset of the hearing that the only viable theory of murder that the prosecution intended to pursue was the provocative act theory.  The prosecution then produced evidence showing that defendant and two coparticipants entered the victim's home; defendant and one of the coparticipants held the home's occupants at gunpoint while threatening them; and the second coparticipant become involved in a physical struggle with the victim.  The victim testified that during the course of his struggle he pulled out a firearm and shot both of defendant's coparticipants, killing one of them.  After the presentation of evidence, the parties argued only whether the evidence was sufficient to hold defendant to answer for murder based upon the provocative act theory; and the trial court ordered defendant be held to answer following this argument.

On September 30, 2022, the trial court held a hearing on defendant's section 1172.6 petition.  The trial court inquired whether defense counsel had reviewed the People's opposition to the petition.  In response, defense counsel indicated that he had reviewed the opposition; requested to review a transcript of the trial court's ruling on defendant's challenge to the sufficiency of the evidence to support the charges; and

---

[3]  At the time of the section 1172.6 hearing, the prosecutor argued that the evidence presented at the preliminary hearing permitted only one viable theory of murder against defendant based upon the provocative act theory and defendant did not dispute this characterization.  Further, neither party has disputed this characterization of the record on appeal.  Thus, we provide only an abbreviated summary of the evidence disclosed at the preliminary hearing for context.

conceded that counsel would have no substantive argument if the preliminary hearing revealed that the provocative act theory was the only viable theory of murder advanced against defendant at the time of his plea. The trial court held a continued hearing on November 7, 2023, at which time defense counsel asserted foundational objections to the People's evidence and a blanket objection "to the [prosecutor's] reasoning," but otherwise submitted on the matter without making any further arguments in response to the People's opposition. The trial court denied defendant's petition on the ground that it failed to make a prima facie showing that defendant was entitled to relief and defendant appeals.

## III. DISCUSSION

*A. Legal Background and Standard of Review*

"Our Legislature enacted what is now section 1172.6 and simultaneously amended sections 188 and 189 in order to eliminate criminal liability for murder, attempted murder, and manslaughter absent a showing of the defendant's personal intent . . . Now, a conviction for these crimes requires proof that the defendant (1) was the actual killer . . . (2) directly aided and abetted the actual killer while acting with the intent to kill, or (3) was a major participant in a felony who acted with reckless indifference to the value of human life." (*People v. Duran* (2022) 84 Cal.App.5th 920, 927 (*Duran*).)

6

"[S]ection 1172.6 is the statutory mechanism for determining whether to *retroactively* vacate a final murder . . . conviction that does not comply with the new, narrower definitions." (*Duran*, *supra*, 84 Cal.App.5th at p. 927.) "A defendant seeking relief under section 1172.6 must 'file a petition' alleging entitlement to relief along with '[a] declaration' attesting to eligibility for relief." (*Ibid.*) "When the trial court receives a petition containing the necessary declaration and other required information, the court must evaluate the petition 'to determine whether the petitioner has made a prima facie case for relief.'" (*People v. Strong* (2022) 13 Cal.5th 698, 708 (*Strong*).)

"In determining whether the petitioner has made a prima facie case for relief . . . , the trial court's inquiry is limited: The court, accepting the petition's factual allegations as true, makes a ""preliminary assessment""" whether the petitioner would be entitled to relief if those allegations were proven." (*People v. Lopez* (2022) 78 Cal.App.5th 1, 13; *People v. Eynon* (2021) 68 Cal.App.5th 967, 975 (*Eynon*).) "[A] petitioner's allegations should be accepted as true, and the court should not make credibility determinations or engage in 'factfinding involving the weighing of evidence or the exercise of discretion.'" (*People v. Lewis* (2021) 11 Cal.5th 952, 974 (*Lewis*).)

However, "[i]n conducting the prima facie review, the court may consider the record of conviction" (*Eynon*, *supra*, 68 Cal.App.5th at pp. 974-975), and "[i]f the petition and record in the case establish conclusively that the defendant is ineligible for relief, the trial court may dismiss the petition." (*Strong*, *supra*, 13 Cal.5th at p. 708.) Thus, ""[i]f the record, including the court's own documents, 'contain[s] facts refuting

7

the allegations made in the petition,' then 'the court is justified in making a credibility determination adverse to the petitioner,'"'" thereby deeming the petitioner ineligible." (*People v. Harden* (2022) 81 Cal.App.5th 45, 52; *Lewis*, *supra*, 11 Cal.5th at p. 971.) In the context of a plea, the record of conviction will establish that the petitioner is ineligible for relief if the "charge []or the plea excludes petitioner from resentencing eligibility as a matter of law." (*People v. Flores* (2022) 76 Cal.App.5th 974, 987; *People v. Reyes* (2023) 97 Cal.App.5th 292, 296 [petitioner is ineligible for relief where charging document did not permit prosecution to proceed on a now invalid theory of murder and plea could not have been interpreted as an admission to a now invalid theory of murder].)

"We apply the de novo standard of review to an appeal from a trial court's denial of a section 1172.6 petition at the prima facie stage." (*People v. Morris* (2024) 100 Cal.App.5th 1016, 1023, review granted July 17, 2024, S284751; *People v. Flores* (2023) 96 Cal.App.5th 1164, 1170 (*Flores*).)

*B. Application*

In this case, the trial court denied defendant's section 1172.6 petition without issuing an order to show cause after determining that the petition, when considered in light of the record of conviction, failed to state a prima facie case for relief. On appeal, defendant does not dispute that the transcript of his preliminary hearing could have been considered in making this determination[4] and does not dispute that the transcript

---

[4] We acknowledge that the extent to which a trial court may consider the facts disclosed in a preliminary hearing transcript at the prima facie stage of a section 1172.6

8

discloses that the provocative act theory of murder was the only viable theory upon which defendant could have been prosecuted for murder.**5**  Instead, defendant argues that it was

petition is presently unsettled.  (*People v. Estrada* (2024) 101 Cal.App.5th 328, 339 ["Courts of Appeal are divided on whether a trial court can consider a preliminary hearing transcript at the prima facie stage."].)  While defendant generally objected to all of the prosecution's evidence without specific reference to the preliminary hearing transcript at the time of the prima facie hearing, he has not reasserted any claim of error involving consideration of the transcript on appeal.  Thus, even if he had properly preserved an evidentiary objection, any such claim is presumed abandoned.  (*Gray v. La Salle Bank*, *N.A.* (2023) 95 Cal.App.5th 932, 969, fn. 22 ["The party making the evidentiary objection at the trial level forfeits it by not renewing it on appeal"]; *People v. Bryant*, *Smith and Wheeler* (2014) 60 Cal.4th 335, 418-419 [claim of evidentiary error forfeited for failure to present any argument in opening brief].)

**5**  We agree with the parties on this point, but do not base this conclusion on the prosecutor's preliminary hearing *arguments*.  In most cases, "the preliminary hearing transcript does not conclusively establish a defendant's guilt, let alone any particular theory of guilt" because, as a general matter, "the preliminary hearing evidence does not limit the prosecution's trial strategy." (*People v. Williams* (2024) 103 Cal.App.5th 375, 398; *People v. Alazar* (2024) 105 Cal.App.5th 1100, 1110, review granted Dec. 31, 2024, S287917.)  However, a prosecutor's ability to deviate from the evidence presented at a preliminary hearing is subject to constitutional constraints because "[p]reliminary hearing transcripts have long been considered the """"touchstone of due process notice"""" to the defendant." (*People v. Peyton* (2009) 176 Cal.App.4th 642, 656; *Heidary v. Superior Court* (2018) 26 Cal.App.5th 110, 120.)  Thus, a prosecutor cannot pursue a theory of guilt at trial that relies on evidence that is materially inconsistent with the evidence presented at a preliminary hearing (*People v. Burnett* (1999) 71 Cal.App.4th 151, 176 [a prosecutor may not "change[] horses in midstream by substituting a different 'act' for the single 'act' described by the evidence at the preliminary hearing"]; *see People v. Ochoa* (2016) 2 Cal.App.5th 1227, 1231-1232.)  Here, the victim testified at the preliminary hearing that he was the person who shot and killed defendant's coparticipant.  Absent any conflicting evidence at the preliminary hearing, pursuing any other theory of murder at trial would have required the presentation of evidence that materially varied from the preliminary hearing evidence.  Where the preliminary hearing transcript necessarily limits the theory of liability that can be pursued at trial, the trial court's consideration of this limitation does not constitute improper fact finding.  (See *People v. Mares* (2024) 99 Cal.App.5th 1158, 1161 ["a trial court can properly deny a petition at the section 1172.6,

possible for him to be convicted of a provocative act murder based upon malice imputed solely as the result of his participation in another crime because the California Supreme Court did not clarify the necessary mens rea for a provocative act murder until it decided *Gonzalez*, *supra*, 54 Cal.4th 643, in 2012. For the reasons set forth below, we are unpersuaded by this argument.

First, an examination of *Gonzalez* itself does not support defendant's argument. It is true that in *Gonzalez*, our Supreme Court examined the principles related to the provocative act theory of murder and emphasized that all provocative act murders require proof that the defendant personally harbor malice. (*Gonzalez*, *supra*, 54 Cal.4th at pp. 654-655.) However, in doing so, our Supreme Court did not profess to resolve any split in authority or ambiguity in the law. Instead, it merely stated the principles applicable to the theory of provocative act murder, citing directly to its own precedent in *People v. Concha* (2009) 47 Cal.4th 653 (*Concha*) and *People v. Gilbert* (1965) 63 Cal.2d 690. (*Gonzalez*, at pp. 654-655.) Thus, in *Gonzalez*, our Supreme Court addressed the issue as if it had already been resolved by its previous decisional authority. This contradicts defendant's characterization of *Concha* as a "narrowly held ruling" that did not clearly address the mental state necessary to convict a defendant under a theory of provocative act murder.

---

subdivision (c) prima facie hearing by relying on a record of a conviction that unambiguously precludes a conclusory assertion that the petitioner could not be convicted today because an accomplice liability theory of murder was invalidated"], review granted May 1, 2024, S284232.)

10

Second, we observe that multiple published decisions by the Court of Appeal have considered and rejected the very argument raised by defendant. (*Flores*, *supra*, 96 Cal.App.5th at p. 1174 [by 2010, "the law was clear the defendant must personally act with malice" to be convicted of a provocative act murder]; *People v. Berry-Vierwinden* (2023) 97 Cal.App.5th 921, 934 [same].) Even the primary case upon which defendant relies, *People v. Lee* (2023) 95 Cal.App.5th 1164 (*Lee*), does not support defendant's argument. The Court of Appeal in *Lee* held only that convictions for provocative act murder that predate *Concha* did not necessarily require a finding that a defendant personally harbor malice while making clear in a footnote that it expressed no opinion with respect to convictions following *Concha*. (*Lee*, at p. 1184.) We find the reasoning in these opinions persuasive and agree with the weight of authority that has concluded that at least after *Concha*, a defendant could not be convicted of murder under the provocative act theory based solely on his participation in a crime.

Because the evidence presented at the preliminary hearing in this case necessarily limited the prosecution to pursuing a murder conviction based upon the provocative act theory and because defendant's plea and conviction in this case occurred after *Concha*, we conclude that at the time of defendant's plea and conviction, there was no complaint, information or indictment against defendant that would have allowed the prosecution to proceed under a theory of felony murder, murder under the natural and probable consequences doctrine or other theory under which malice is imputed to a person based solely on that person's participation in a crime. Thus, the record of conviction

11

conclusively establishes that defendant is categorically ineligible for relief under section 1172.6 and the trial court did not err in denying defendant's petition at the prima facie stage.[6]

## IV.  DISPOSITION

The order is affirmed.

NOT TO BE PUBLISHED IN OFFICIAL REPORTS

FIELDS
                                                                        J.

We concur:

RAMIREZ
                P. J.

MILLER
                J.

---

**[6]** We also briefly observe that a separate line of published decisions has concluded that a murder conviction based upon the provocative act theory is ineligible for relief under section 1172.6 because relief is only afforded to persons who could not presently be convicted of murder because of changes to sections 188 and 189 made effective January 1, 2019, and the amendments made to sections 188 and 189 did not alter the law related to the provocative act theory of murder.  (*People v. Cunningham* (2024) 101 Cal.App.5th 678, 680, review granted July 10, 2024, S285205; *People v. Antonelli* (2023) 93 Cal.App.5th 712, 721, review granted Oct. 18, 2023, S281599; § 1172.6, subd. (a)(3).)  However, we need not consider this alternative ground given our conclusion that the law with respect to provocative act murder was sufficiently clear following *Concha*.